400 So.2d 1199 (1981)
Donald R. CHAUSSE
v.
SOUTHLAND CORPORATION et al.
Randolph P. CAZES, Jr., Individually, Etc.
v.
SOUTHLAND CORPORATION et al.
Jimmy DRUMMOND, Individually, Etc.,
v.
SOUTHLAND CORPORATION et al.
Amelia Jo LaSALLE, Etc.
v.
SOUTHLAND CORPORATION et al.
Nos. 14033-14036.
Court of Appeal of Louisiana, First Circuit.
May 26, 1981.
Dissenting Opinion May 27, 1981.
Rehearing Denied July 27, 1981.
Writs Denied September 11, 1981.
*1201 Dennis R. Whalen, Baton Rouge, for Donald R. Chausse, Randolph P. Cazes, Jr., Indiv. and as Admin. of Laurie R. Cazes, and Jimmy Drummond, Indiv., etc.
A. S. Easterly, III, Baton Rouge, for John D. Knight, Southland Corp. and The Travelers Insurance Company.
Judith Atkinson Chevalier and Mike Clegg, Baton Rouge, for United States Fidelity & Guaranty Company and Nelson & East Motor Co., Inc.
Frank H. Dickinson, III, Baton Rouge, for Mrs. Mary Russell.
Thomas R. Bryan, Baton Rouge, for Jeffrey Dean Russell.
Anthony J. Clesi, Jr., Baton Rouge, for Curtis C. Savoy, Jimmy Drummond and State Farm Mutual Automobile Ins.
James E. Moore, Baton Rouge, for Randolph P. Cazes, Jr., Aetna Life and Casualty Company.
Kenneth E. Barnett, Baton Rouge, for MFA Ins. and Donald R. Chausse.
John Samaha, Baton Rouge, for Amelia Jo LaSalle, etc.
Before ELLIS, COVINGTON, LOTTINGER, EDWARDS and PONDER, JJ.
PONDER, Judge.
Plaintiffs appeal the judgment of the trial court barring recovery for wrongful death benefits and for damages for personal injury because of contributory negligence.
The issues are: contributory negligence, assumption of the risk, imputation of contributory negligence and assumption of the risk, the admissibility of evidence of a related crime and damages.
We reverse and render.
Defendant, Southland Corporation, through its employee, John Doshen Knight, sold beer at least twice in one night to sixteen-year-old Jeffrey Dean Russell. While under the influence of the beer, Russell ran a red blinking light and collided with another car. The collision killed one of his passengers, Ramona Chausse, the thirteen-year-old daughter of Donald R. Chausse and Amelia Jo LaSalle, and injured her two companions, fourteen-year-old Laurie Cazes and fifteen-year-old Marguerite Kay Drummond, both substituted plaintiffs in these actions. Two occupants of the other car were also injured.
The group had spent the evening driving around, stopping at various teen-age hang-outs and drinking beer. Ramona drove the car until shortly before the accident when the group determined that she was too drunk to drive and Russell took the wheel. A blood alcohol test drawn on Russell after the accident showed a reading of .18 indicating legal intoxication. After determining that Russell's intoxicated state materially contributed to the accident, the court found Southland Corporation, through its employee, had breached the duty of care it *1202 owed the three teen-age passengers by selling beer to a minor in violation of LSA-R.S. 26:88(1), LSA-R.S. 26:285(1) and LSA-R.S. 14:91.[1] It awarded damages to the occupants of the other car,[2] but denied damages to plaintiffs herein because of the girls' own affirmative acts of negligence in getting drunk and driving with someone they knew or should have known was drunk.
Preliminarily, plaintiffs claim the court erred in refusing to admit evidence of a subsequent sale of beer to a minor by defendant. We agree with the trial court that the evidence is irrelevant. We find no error in the refusal.
Plaintiffs, LaSalle and Chausse, claim Ramona was not contributorily negligent. They argue a thirteen-year-old should not be held to the same standard of self-care as is required of an adult.[3] We find, however, that, even applying the lesser standard of care, Ramona was contributorily negligent.
There was considerable testimony from the occupants of the car that Russell displayed no signs of being unable to drive. Under the standard of Prestenbach v. Sentry Insurance Co., 340 So.2d 1331 (La.1977), it was not proved that the girls assumed the risk of the harm they encountered in consenting to ride with Russell.
Plaintiffs next contend that the girls' contributory negligence or assumption of the risk does not defeat recovery. Citing Boyer v. Johnson, 360 So.2d 1164 (La.1978), they argue that "where the purpose of a statute is to protect the minor against the risk of his own negligence ... the general rule is that the minor's contributory negligence or assumption of the risk will not defeat recovery for his injury or death, the very risk and harm the statute was designed to prevent." We find plaintiff's argument persuasive.
In speaking of the relationship between a statutorily imposed duty and contributory negligence, Professor William L. Prosser states:
"... the contributory negligence of the plaintiff is a complete bar to his action for any common law negligence of the defendant. Whether it is a bar to the liability of a defendant who has violated a statutory duty is a matter of the legislative purpose which the court finds in the statute. If it is found to be intended merely to establish a standard of ordinary *1203 care for the protection of the plaintiff against a risk, his contributory negligence with respect to that risk will bar his action, as in the case of common law negligence. But there are certain unusual types of statutes, such as child labor acts, those prohibiting the sale of dangerous articles such as firearms to minors, the Federal Safety Appliance and Boiler Inspection Acts, factory acts for the protection of workmen, ... which have been construed as intended to place the entire responsibility upon the defendant, and to protect the particular class of plaintiffs against their own negligence. In such a case, as in the case of the statutes involving the age of consent, the object of the statute itself would be defeated if the plaintiff's fault were a defense, and the courts refuse to recognize it." Prosser on Torts 425-26 (1971). (Citations omitted)
We believe the prohibition against the sale of alcoholic beverage to minors falls within this category. The statutes demonstrate a legislative intent to keep alcoholic beverages out of the hands of minors, based on the obvious determination that minors cannot safely handle alcohol. We find the risks here, death and injury due to the girls' improvident riding with another inebriated teen-ager, some of the major harms the statute was designed to prevent. We therefore find the trial court erred in denying damages. Because of this, we find it unnecessary to address plaintiff's argument that her contributory negligence should not be imputed to her parents.
Perhaps because of the presence of Dram Shop Acts in numerous states, the exact questions we have, whether recovery may be had by minors who suffered injury and by parents whose children were killed after participating in the purchase and drinking of alcohol, have not been answered in many states. However, the following cases and cases cited therein, may be cited as allowing recovery:

California: Vesely v. Sager, 5 Cal.3d 153, 95 Cal.
 Rptr. 623, 486 P.2d 151 (1971);
Florida: Prevatt v. McClennan, 201 So.2d 780
 (Fla.App.1967);
Indiana: Brattain v. Herron, 159 Ind.App. 663
 309 N.E.2d 150 (1974);
Mississippi: Munford, Inc. v. Peterson, 368 So.2d
 213 (Miss.1979);
New Jersey: Rappaport v. Nichols, 31 N.J. 188,
 156 A.2d 1 (1959).

It is argued that in light of the existence of Thrasher v. Leggett, 373 So.2d 494 (La. 1979) and the absence of a Dram Shop Act, recovery should be denied herein. The Thrasher case held that there is no absolute liability imposed upon an alcoholic beverage retailer for the consequences of an adult patron's intoxication; that the drinking of the alcohol was the proximate cause to an injury than was the sale. Because we believe that it was the legislature's intent to protect against the act of the minor's drinking we believe the Thrasher reasoning to be inapplicable here. In view of our civil law heritage of C.C. Art. 2315, we do not believe that a Dram Shop Act is necessary for recovery.
Plaintiff, Donald R. Chausse, the adoptive father of Ramona Chausse, claims $3,669.98 for medical and funeral expenses in addition to general damages for her loss. She had lived with her adoptive father for approximately ten years. The record reveals that although Mr. Chausse encountered some difficulty raising a young girl, he and Ramona had a close relationship. She was described as a "daddy's girl." We accordingly award plaintiff, Donald R. Chausse, $3,669.98 in special damages and $25,000.00 for the loss of his daughter.
Amelia Jo LaSalle, natural mother of Ramona Chausse, claims damages for Ramona's physical and mental pain and suffering prior to her death, Ramona's loss of enjoyment of future life and her own grief and loss due to Ramona's death.
There is no basis for a survival action for damages for pain and suffering experienced by a deceased person unless the decedent was conscious following the injury. McDaniel v. Welsh, 234 So.2d 833 (La. App. 1st Cir. 1970), writ denied 256 La. 616, 237 So.2d 397. The evidence is inconclusive that Ramona was conscious at the scene of the accident. She was unconscious upon *1204 arrival at the emergency room and remained in a comatose state until her death six days later. For this reason, damages for her pain and suffering are denied. Our law does not recognize as compensable the loss of enjoyment of future life.
Ms. LaSalle relinquished custody of her daughter to Mr. Chausse approximately seven years prior to the accident. Ramona's sister, Robin, testified Ramona had a good relationship with her mother. Although they saw each other infrequently they maintained communication through phone calls and letters. We find $5,000.00 just compensation for Ms. LaSalle's loss.
We have no hesitancy in finding that the plaintiffs, Laurie Cazes and Marguerite Kay Drummond, were also contributorily negligent. However, we come to the same conclusion that recovery is not thereby barred.
Laurie Cazes claims damages for personal injuries suffered in the wreck. She suffered multiple lacerations, a laceration of the liver and spleen and a bruised heart. Her spleen was removed and her liver repaired by abdominal surgery. She spent seventeen days in the hospital and missed the last semester of school. We award $3,657.99 for her medical expenses and $10,000.00 for pain, suffering and permanent disfigurement from abdominal surgery.
Marguerite Kay Drummond suffered multiple lacerations of the face, head and scalp. She was hospitalized for six days. We award her medical expenses of $1,707.37 and $2,000.00 for pain and suffering.
For the above reasons the judgment of the trial court is overruled insofar as it dismisses the suits of Donald R. Chausse, Amelia Jo LaSalle, Laurie Cazes and Marguerite Kay Drummond.
It is now ordered, adjudged and decreed that there be judgment in favor of Donald R. Chausse and against Southland Corporation, John Doshen Knight and their insurer Traveler's Indemnity Company in solido in the amount of $28,669.98; it is further ordered, adjudged and decreed that there be judgment in favor of Amelia Jo LaSalle and against Southland Corporation, John Doshen Knight and Traveler's Indemnity Company, in solido, in the amount of $5,000.00; it is further ordered, adjudged and decreed that there be judgment in favor of Laurie Cazes and against Southland Corporation, John Doshen Knight and Traveler's Indemnity Company, in solido, in the amount of $13,657.99; it is further ordered, adjudged and decreed that there be judgment in favor of Marguerite Kay Drummond and against Southland Corporation, John Doshen Knight and Traveler's Indemnity Company, in solido, in the amount of $3,707.37. All awards bear interest at the legal rate from date of demand until paid.
Costs of this appeal are to be borne by appellee.
REVERSED AND RENDERED.
EDWARDS, J., dissents and assigns reasons.
ELLIS, J., dissents for reasons assigned by EDWARDS, J.
EDWARDS, Judge, dissenting.
To cast Southland Corporation in judgment, the majority first finds that the violation of some statute (here, LSA-R.S. 26:88(1), LSA-R.S. 26:285, or LSA-R.S. 14:91) and the prohibited sale of alcoholic beverages to a minor, Jeffrey Dean Russell, have magically transformed whatever liability Southland may have had for injuries to Jeffrey Dean[1] into blanket responsibility for all harms to any party resulting from the ultimate consumption of said alcohol.
The majority then chooses, based on a pure policy decision, not to let the obvious contributory negligence of a knowing thirteen-year-old preclude her recovery.
*1205 Louisiana has no dram shop statute. Nor has one been created jurisprudentially. Thrasher v. Leggett, 373 So.2d 494 (La. 1979). Furthermore, even in those states which have dramshop statutes, the acts protect only innocent third parties. Ramona Chausse was not an innocent party. She freely joined and rode with a group of young people who regularly drank to excess. As on other occasions, she also drank to excess on the day of her death.
Southland Corporation violated no statutory duty to Ramona Chausse. To cast Southland for damages caused by Ramona's own willful intoxication is both illogical and unfair. I therefore dissent.
NOTES
[1] LSA-R.S. 26:88(1):

"No person holding a retail dealer's permit and no agent, associate, employee, representative, or servant of any such person shall do or permit any of the following acts to be done on or about the licensed premises:
(1) Sell or serve alcoholic beverages to any person under the age of eighteen years, unless such person submits a driver's license, selective service card or other lawful identification which, on its face, establishes the age of the person as eighteen years or older and there is no reason to doubt the authenticity or correctness of the identification.
* * *"
LSA-R.S. 26:285:
"No person holding a retail dealer's permit and no servant, agent, or employee of the permittee shall do any of the following acts upon the licensed premises:
(1) Sell or serve beverages of low alcoholic content to any person under the age of eighteen years, unless such person submits a driver's license, selective service card or other lawful identification which, on its face, establishes the age of the person as eighteen years or older and there is no reason to doubt the authenticity or correctness of the identification.
* * *"
LSA-R.S. 14:91:
"Unlawful sales to minors is the selling, or otherwise delivering for value by anyone over the age of seventeen of any alcoholic beverage either of high or low alcoholic content, or any firearm or other instrumentality customarily used as a dangerous weapon, to any person under the age of eighteen. Lack of knowledge of the minor's age shall not be a defense.
Whoever commits the crime of unlawful sales to minors shall be fined not more than three hundred dollars, or imprisoned for more than six months, or both."
[2] No appeal was taken in that case.
[3] The contributory negligence of a child is measured by the self-care expected of a child of his age, intelligence and experience under the particular circumstances presented to him. Plauche v. Consolidated Companies, 235 La. 692, 105 So.2d 269 (La.1958); Dufrene v. Dixie Auto Insurance Co., et al., 373 So.2d 162 (La. 1979).
[1] The existence of any liability whatsoever is questionable after Thrasher v. Leggett, 373 So.2d 494 (La.1979).