427 So.2d 1329 (1983)
Catherino GARCIA and Lucy Garcia, Individually and on Behalf of their minor child, Victor GARCIA, Plaintiffs-Appellants,
v.
James Terry JENNINGS, Danny Riser, and Southern Farm Bureau Insurance Companies, Defendants-Appellees.
No. 15209-CA.
Court of Appeal of Louisiana, Second Circuit.
February 22, 1983.
*1330 Raymond L. Cannon, Tallulah, for plaintiffs-appellants.
Cotton, Bolton, Roberts & Hoychick by W.D. Cotton, Rayville, for defendants-appellees, Southern Farm Bureau Ins. Companies and James Terry Jennings.
Richard V. Burnes, Alexandria, and Leroy Smith, Jr., Tallulah, for defendantappellee, James Terry Jennings.
North Louisiana Legal Assistance Corp. by Richard A. Bailly, Monroe, for defendant-appellee, Danny Riser.
Before HALL, MARVIN and FRED W. JONES, Jr., JJ.
HALL, Judge.
In this wrongful death action, plaintiffs appeal from a judgment sustaining defendants' exception of no cause of action and dismissing their suit. We reverse and remand.
Plaintiffs, Catherino Garcia, individually, and Lucy Garcia, individually and in her capacity as administratrix of the estate of their minor child Victor Garcia, filed this suit to recover damages for Victor's wrongful death. Made defendants in the original petition were James Terry Jennings, Danny Riser, and Southern Farm Bureau Insurance Company, Jennings' liability insurer.
The original petition alleged that on the evening of February 14, 1979, Jennings and Riser, both majors, took 15-year-old Victor and another minor riding around Tallulah in Jennings' vehicle. During the evening Jennings purchased a half-gallon of whiskey which was consumed by all the parties. The petition further alleged that later that evening, during the early morning hours of February 15, Jennings and Riser drove Victor to the U.S. Highway 65 bridge across Brushy Bayou, removed Victor from the vehicle and threw him over the bridge into the bayou. Victor, as a result, drowned.
Plaintiffs filed five amendments to the original petition. The first changes the name of defendant Southern Farm Bureau Insurance Company to Louisiana Farm Bureau Mutual Insurance Company. The second amendment makes a minor change in the allegations not relevant to this case. The third and fourth amendments also make minor changes and need not be discussed here. Plaintiffs' fifth and final amendment, however, makes substantial changes in the original petition. In this last amendment plaintiffs abandon the allegation that Jennings and Riser threw young Victor into the bayou. Instead, plaintiffs allege that defendant Jennings permitted the decedent to exit the automobile in an intoxicated state at a steep incline near the bayou. The last amended petition also alleges that defendants Jennings and Riser were negligent in supplying Victor, a minor, with intoxicating beverages, in encouraging him to drink the same, and in allowing Victor to become intoxicated. Riser is alleged to have been negligent in failing to save the decedent after his fall. Additionally, plaintiffs allege that Jennings was negligent in permitting Victor to exit the vehicle with the remaining whiskey at the bayou in the company of Riser who had been belligerent toward Victor.
*1331 The defendants filed exceptions of no cause of action, contending that the allegations of ultimate fact contained in the amended petition could not support the conclusion that either Jennings or Riser breached a duty to plaintiffs' decedent for which the law provides a remedy. Defendants maintain alternatively that the petition's allegations imply that Victor was contributorily negligent in causing his own death in that he allowed himself to become intoxicated, and that his contributory negligence precludes any recovery by plaintiffs.
After a hearing on the exception the trial court rendered judgment sustaining the exception based on the court's reasoning that the decedent was as responsible as the defendants for the incident and that his contributory negligence precluded recovery in this case.
Plaintiffs have appealed the judgment of the trial court, claiming that the allegations of the petition do in fact state a cause of action. The plaintiffs claim additionally that the decedent's alleged contributory negligence does not bar recovery in this case because majors are prohibited by statute from supplying minors with alcohol and that a breach of this statutorily-imposed duty cannot be vitiated by the minor's contributory negligence because the legislative intent behind these statutes is to protect the minor from the dangers of alcohol, and from the minor's own negligence.
The function of an exception of no cause of action is to test the sufficiency of a petition, construing its language in favor of the plaintiff. The allegations of plaintiffs' petition are taken as true and the exception is tried on the face of the pleadings. Reagan v. Olinkraft, Inc., 408 So.2d 937 (La.App. 2d Cir.1981). To warrant the dismissal of a petition on an exception pleading contributory negligence, the recitals of the petition must be such as to clearly show contributory negligence and to exclude every reasonable hypothesis of liability. Pence v. Ketchum, 326 So.2d 831 (La.1976); Gilliam v. Lumbermens Mutual Casualty Company, 240 La. 697, 124 So.2d 913 (1960); Arata v. Orleans Capitol Stores, 219 La. 1045, 55 So.2d 239 (1951).
A determination of whether the petition alleges a cause of action depends on whether the allegations disclose a breach of some duty owed by defendants to Victor which encompassed the risk he encountered and was a cause of his death and whether the allegations disclose a breach of duty required of Victor for his own protection which was a cause of the accident and which would bar recovery.
Construing the allegations of the petition in a light most favorable to the plaintiffs, the petition can be read to allege that the adult defendants bought whiskey for the deceased minor and encouraged him to drink the whiskey to the point of intoxication. Then, defendants took the minor to the bayou and let him out at a dangerous place, where he drowned.
Our research reveals no Louisiana cases dealing with the duty owed by an adult companion to a minor with regard to the furnishing of alcoholic beverages by the adult to the minor, or an adult companion's duty to an intoxicated minor. There are cases dealing with the duty of a bar owner to a patron, an employer to an employee  guest at an office party, and a retailer to a minor purchaser of alcoholic beverages, which offer some help in analyzing the issues in the instant case.
In Lee v. Peerless Insurance Company, 248 La. 982, 183 So.2d 328 (1966) the court held that "no redress exists against persons selling, giving, or furnishing intoxicating liquor, ... for resulting injuries or damages due to the acts of intoxicated persons.... This rule is based on the theory that the proximate cause of the injury is the act of the purchaser in drinking the liquor and not the act of the vendor in selling it." The court dismissed the plaintiff-bar patron's suit for damages against the defendantnightclub owner for injuries sustained when plaintiff was hit on the highway by a moving vehicle after having been ejected from the nightclub in an intoxicated condition.
The Lee case was specifically overruled in Pence v. Ketchum, supra. In the Pence *1332 case the plaintiff, a patron of defendant's bar, sued for personal injury damages sustained when she was struck by a car after being ejected from the bar in an intoxicated condition. The supreme court reversed the lower courts' sustaining of defendant's exception of no cause of action, finding that plaintiff's petition adequately alleged that defendant breached at least two duties owed the plaintiff: the statutory duty of a retailer of alcoholic beverages not to serve same to an intoxicated person and the duty of a business invitor to avoid affirmative acts increasing the peril of his intoxicated patron. In rejecting defendant's plea of contributory negligence the court held that if a person is in an advanced state of intoxication so as to render him helpless or incapable of self-protection the law affords him the benefit of the doctrine of last clear chance. The doctrine was applied because defendant was aware of plaintiff's peril and nonetheless failed to use an opportunity to avoid harm to the plaintiff.
The holding in Pence was reexamined in Thrasher v. Leggett, 373 So.2d 494 (La. 1979). In this case the plaintiff, an intoxicated bar patron, was injured in a fall sustained during a fight with the bar bouncer while plaintiff was being ejected from the bar for being belligerent. The court concluded that the previous opinions in Lee and Pence were each in part correct and in part incorrect, and to the extent that Pence was in conflict with Thrasher it was overruled. Reverting to the Lee holding, the court held that the cause more proximate to an injury to an inebriated patron which results from his intoxication is the consumption of the alcohol and not the sale. There is a real element of contributory negligence implicit in this situation. Finding it unnecessary to consider the bar owner's conduct under a duty/risk analysis, the court held that last clear chance did not apply and that plaintiff's injury did not result from defendant's failure to prevent it but rather from plaintiff's own aggressive behavior. A person who voluntarily engages in drinking has the most proximate opportunity to avoid the effects of intoxication by desisting from drinking to excess. The court affirmed, however, its Pence holding that a bar owner has a duty to avoid affirmative acts which increase the peril to an intoxicated patron.
In another recent case, Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772 (La. 1980), the issue before the court was whether plaintiff's employer had a duty not to permit plaintiff to leave an office Christmas party at which plaintiff had become intoxicated. In examining the duty owed by the employer the supreme court held: "Even if we accept plaintiff's allegation that his employer provided its employees with a Christmas party solely for the benefit of the employer's business, defendant would have no higher standard of duty than a bar owner. We found [in Thrasher] that duty, under C.C. 2315 and 2316, is to avoid affirmative acts which increase the risk of peril to an intoxicated person. The bar owner is not however responsible for harm caused by the patron's inebriated condition itself. We also found that the proximate cause of harm is more nearly the act of voluntary drinking to the point of intoxication, a form of contributory negligence, not the act of making the alcohol available for consumption.... Evicting plaintiff from the party, onto a busy street, might have been such an affirmative act, but permitting him to leave the party was not...."
Perhaps more closely in point to the instant case is Chausse v. Southland Corporation, 400 So.2d 1199 (La.App. 1st Cir.1981), writs denied 404 So.2d 497, 498 (La.1981). The parents of a 13-year-old girl sued the defendant-storeowner for the girl's wrongful death resulting from an automobile accident. A 16-year-old boy had purchased beer from the store and the beer was consumed by the boy, the decedent, and two other young girls. During the course of the evening the teenagers became intoxicated and while the boy who purchased the beer was driving they were involved in an accident. The trial court denied recovery, finding the young girl contributorily negligent in becoming intoxicated and in riding in a car with someone whom she knew was intoxicated. The First Circuit agreed that the young girl was contributorily negligent *1333 but held, citing Boyer v. Johnson, 360 So.2d 1164 (La.1978), that "where the purpose of a statute is to protect the minor against the risk of his own negligence ... the general rule is that the minor's contributory negligence or assumption of the risk will not defeat recovery for his injury or death, the very risk and harm the statute was designed to prevent." The court held that the prohibition against the sale of alcoholic beverages to minors under LSA-R.S. 26:88(1), LSA-R.S. 26:285(1), and LSA-R.S. 14:91 was intended to keep alcoholic beverages out of the hands of minors, based on the obvious determination that minors cannot safely handle alcohol. The court found that the risks there, death and injury due to the girl's improvident riding with another inebriated teenager, were some of the major harms the statute was designed to prevent. The court distinguished Thrasher v. Leggett, supra, which dealt with the liability of a bar owner to an adult patron.
Turning to the instant case, we note that LSA-R.S. 14:91.3 makes it unlawful for any adult to purchase on behalf of a person under the age of 18 any alcoholic beverage either of high or low alcoholic content. The obvious intent and purpose of this statute is substantially the same as the statutes prohibiting the sale of alcoholic beverages to minors involved in the Chausse case. The risk of injury to an intoxicated minor of the nature involved in this case, falling into a bayou and drowning, depending on all the attendant facts and circumstances, may well be encompassed within the duty prescribed by the statute. Although the statute does not directly impose civil responsibility, it serves as a guideline for the determination of an adult's civil duty to refrain from procuring alcoholic beverages for use by a minor. Boyer v. Johnson, supra.
The defendants had a duty not to purchase liquor for the minor and furnish it to the minor. Having done so the defendants further had the duty to exercise some degree of control and protection for the minor's safety. Analogizing from the Lee, Pence, Thrasher, and Sanders cases, the defendants certainly had a duty to refrain from affirmative acts which placed the intoxicated minor in peril, and they allegedly violated this duty by taking the minor to a point near the bayou and allowing him to get out of the car at a dangerous place.
The allegations of the petition viewed in the light most favorable to plaintiffs show a violation of duties owed by the defendants to the minor, which duties encompassed the risk of accidental injury to the minor of the nature alleged in this case. That the breach of duties was a cause in fact of the injury is clear because, under the allegations made, the accident would not have happened but for the actions of the defendants in furnishing the liquor, encouraging its consumption, and taking the minor to a place of danger.
The decedent's contributory negligence or assumption of the risk in voluntarily getting intoxicated does not necessarily bar his parents recovery for his wrongful death because the duties breached by the defendants are designed to protect a minor from his own foibles, negligence, and fault arising out of the consumption of alcoholic beverages and resulting intoxication.
The facts alleged in the plaintiffs' petition are sufficient to set forth a cause of action. We point out, however, that a duty/risk analysis can validly be made only in the context of specific facts and circumstances. Here we have only skeletal facts alleged; the detailed facts remain to be established at the trial on the merits. Ultimate determination of the legal issues involved in this case can only be made after the facts are fully developed.
For the reasons assigned, the judgment of the district court sustaining defendants' exceptions of no cause of action and dismissing plaintiffs' suit is reversed and set aside. The exceptions are overruled and the action is remanded to the district court for further proceedings. Costs of the appeal are assessed to the defendants.
Reversed and remanded.