JOHN S. COVINGTON, Judge Pro Tem.:
This is a suit for damages brought by the parents of a motorcycle passenger, Robert J. Cadierre, Jr., who was killed in a 1979 collision with an automobile driven by an intoxicated minor, Perry J. McKee. Plaintiffs filed suit against McKee’s mother, Theresa Duet (Duet); her automobile liability insurer, Louisiana Farm Bureau Mutual Insurance Company (Louisiana Farm Bureau); Progressive American Insurance Company (Progressive), issuer of an insurance policy covering the motorcycle, driven by one Kenneth Dubois; Louisiana Companies, Progressive’s agent; Congregation of St. Joseph’s Roman Catholic Church, Chau-vin, Louisiana[1] and the Roman Catholic Church of the Diocese of Houma-Thibo-daux (hereinafter collectively referred to as St. Joseph), the sponsor of an annual church fair at which McKee allegedly became intoxicated prior to the accident; and United States Fidelity and Guaranty Company (USF & G), in a dual capacity as St. Joseph’s liability insurer and as issuer of an automobile insurance policy with uninsured/underinsured motorist coverage on the Dubois motorcycle.
On the basis of a previously executed release signed by the plaintiffs, Duet and Louisiana Farm Bureau were dismissed from the suit after filing an exception of no right/no cause of action and alternatively, a motion for summary judgment. Louisiana Companies and Progressive were similarly dismissed prior to trial on their motion for summary judgment.[2] At trial, the only remaining defendants were St. Joseph and USF <& G, in . both its capacities. After a bench trial, the trial judge rendered judgment against plaintiffs, and this appeal followed.
Plaintiffs assert two specifications of error: (1) that the trial court erred in determining they had failed to prove any negligence on the part of St. Joseph; and (2) that the trial court erred in concluding that even if plaintiffs had proven actionable negligence, all defendants were solidarily liable with McKee and had been discharged from liability by virtue of the unrestricted release of Duet and Louisiana Farm Bureau by the plaintiffs prior to filing suit.
We amend and as amended, affirm.
St. Joseph’s Catholic Church in Chauvin, Louisiana, has sponsored an annual fair called “Lagniappe on the Bayou” for over a decade. Games, rides, food and beer[3] are offered at the fair. Plaintiffs allege that in 1979, fair personnel sold McKee, a minor, alcoholic beverages in violation of several statutes, LSA-R.S. 14:91, R.S. 26:88(1), and R.S. 26:285.[4] As a result, they allege, *600 McKee became grossly intoxicated, and as he drove home around midnight, recklessly attempted to pass four or five vehicles in a steep curve, on a two-lane highway, ignoring a double yellow line prohibiting passing. McKee collided in the curve with the motorcycle being driven by Kenneth Du-bois and ridden by plaintiffs’ son, in the motorcycle’s lane of travel. Plaintiffs’ son was killed, Dubois was severely injured, and McKee suffered minor scratches. Blood drawn from McKee approximately two hours after the accident revealed that at that -time, McKee’s blood alcohol level was .13%. The investigating officer testified that at the scene of the accident, McKee was wobbly and unstable, and smelled of alcohol. He cited McKee for improper passing, reckless operation of his vehicle, and driving while intoxicated.
EFFECT OF THE UNRESTRICTED RELEASE
Plaintiffs executed a release in favor of Duet and her automobile liability insurer, Louisiana Farm Bureau, thirteen days after the accident. They were not represented by legal counsel at the time. The release failed to contain any language expressly or impliedly reserving plaintiffs’ rights against the defendants, and in fact expressly released all other parties “who are or may be liable”.
It is well established that the release of one solidary obligor or joint tort-feasor without express reservation of rights against other solidary obligors or joint tort-feasors discharges all other soli-dary obligors and joint tort-feasors from liability. LSA-C.C. art. 2203; Billeaudeau v. Lemoine, 386 So.2d 1359 (La.1980); Hemphill v. Strain, 341 So.2d 1186 (La.App. 1st Cir.1976), appeal after remand 371 So.2 d 1179 (La.App. 1st Cir.1979), writ denied 373 So.2d 510 (La.1979).
Plaintiffs amply proved at trial the negligence of McKee and his resulting liability, as primary tort-feasor, for the death of their son.[5] They contend that St. Joseph, as the supplier of alcoholic beverages to the minor driver, is also liable. Assuming the existence of liability, plaintiffs argue that St. Joseph’s liability is not solidary with McKee’s, and thus that St. Joseph and its liability insurer should not be discharged by the unrestricted release. Plaintiffs base their argument on three cases: Boyer v. Johnson, 360 So.2d 1164 (La.1978); Garcia on Behalf of Garcia v. Jennings, 427 So.2d 1329 (La.App. 2d Cir.1983); and Chausse v. Southland Corp., 400 So.2d 1199 (La.App. 1st Cir.1981), writs denied 404 So.2d 278, 404 So.2d 497, 404 So.2d 498 (La.1981).
In these cases, the extent of the defendant’s duty to protect a minor from the consequences of his own negligence, under varying circumstances, was examined. In Boyer and Chausse, the court found that the minor plaintiff’s contributory negligence would not serve to bar his recovery from the defendants, because the defendants’ duty encompassed the risk of the minor’s negligence. Chausse involved the *601 sale of alcohol to a minor. Extrapolating from the principle enunciated in Boyer and Chausse, plaintiffs conclude that innocent third parties, injured as a result of the minor’s negligence, would similarly be barrfed from recovery from the minor. They contend that because the third party would be unable to recover from the minor, there can be no solidary liability between the minor and St. Joseph’s.
This argument is without merit. The intoxicated minor is in fact liable to an innocent party injured as a result of his negligence, and the injured party is in fact able to recover damages from the minor and/or his parents under existing law. LSA-C.C. arts. 2315, 2318. Assuming solely for the sake of argument that plaintiffs did prove by a preponderance of the evidence that St. Joseph violated the aforementioned statutes by selling alcohol to McKee, and allowed him to leave the fair grounds in an intoxicated condition, and further assuming that civil liability would inevitably follow as a result of these actions, St. Joseph’s liability would be soli-dary with that of McKee’s, as St. Joseph would be a joint tort-feasor. Billeaudeau, supra.
Therefore, the trial court’s dismissal of plaintiffs’ suit against St. Joseph was correct. As against USF & G, the judgment of dismissal did not distinguish between this defendant’s dual capacities (as St. Joseph’s liability insurer and as the uninsured/underinsured motorist carrier of the Dubois motorcycle). Accordingly, the trial judge’s dismissal of USF & G was correct only insofar as it applied to USF & G in its capacity as St. Joseph’s liability insurer. For the following reasons, the dismissal of plaintiffs’ suit against USF & G in its capacity as UM insurer was in error.
On November 26, 1984, the Louisiana Supreme Court handed down Carona v. State Farm Ins. Co., 458 So.2d 1275 (1984), which held that “when an automobile accident victim settles with his tortfeasor his claim against his UM insurer is not discharged merely because he does not expressly reserve his right against the latter in accordance with Civil Code article 2203”. Speaking for the Court, Justice Dennis reasoned that although the tortfeasor and the UM insurer are solidary obligors, the rule of art. 2203 has been superseded by LSA-R.S. 22:1406(D)(4), which provides:
“In the event of payment to any person under the coverage required by this Section and subject to the terms and conditions of such coverage, the insurer making such payment shall, to the extent thereof, be entitled to the proceeds of any settlement or judgment resulting from the exercise of any rights of recovery of such person against any person or organization legally responsible for the bodily injury for which such payment is made ...”
The Court stated:
“This statutory provision, and Civil Code article 2162, make it clear that when the UM insurer pays part of the damages to which the insured is entitled from a tort-feasor and receives a release from the insured, the insured is nevertheless entitled to exercise his right for the balance of the partially paid claim in preference to the insurer, even though the insurer and the tort-feasor are solidary obligors ... These statutory provisions clearly imply that the insured’s right to recover from the UM insurer is afforded similar protection when he first receives payment for part of is damages from the tortfeasor. Any other interpretation would be unreasonable and would cause injuries of innocent, insured motorists to go unremedied, thus frustrating the legislative aim of the UM statute. Since full recovery is the goal of the legislation and because the tortfeasor and the UM carrier are codebtors in solido, we infer that a victim merely by his release of the tortfeasor does not forfeit any right against his UM carrier.” (citations omitted) (pp. 5-6)
Applying the Court’s holding in Carona to the instant case, we must conclude that the trial court erred in dismissing plain *602 tiffs’ case against USF & G, in its capacity as UM insurer.
Having disposed of the case on other grounds, the trial court did not address certain issues which now, due to our amendment of its judgment, must be resolved. Since the entire record is before us, we will render judgment pursuant to the authority granted appellate courts by LSA-C.C.P. art. 2164.
There is no dispute that plaintiffs’ son, as guest passenger, was an ‘insured’ entitled to the UM coverage afforded by the USF & G policy of his host driver, Dubois. However, in order to recover from USF & G, plaintiffs must establish fault on the part of McKee which gives rise to damages and prove the extent of those damages. Hart v. Allstate Ins. Co., 437 So.2d 823 (La.1983). In the instant case,' a detailed examination of the record convinces us that the plaintiff amply carried their burden of proving negligence or fault on the part of McKee which resulted in the death of their son, Robert J. Cadierre, Jr. USF & G raised the defense of contributory negligence on the part of the decedent, but failed to prove its contentions at trial.
DAMAGES
Plaintiffs sought damages for the wrongful death of their son, as well as for the pain and suffering allegedly suffered by him before his death.
For the wrongful death of a child, parents are entitled to recover for their grief, as well as for the deprivation of love, affection and companionship. Alizzi v. Employers Ins. of Wausau, 351 So.2d 258 (La.App. 3rd Cir.1977), writ denied 353 So.2d 1037 (La.1978). In this regard, it is appropriate to consider the awards made in other similar cases, although these awards are by no means binding upon the court.
Robert J. Cadierre, Jr. was 17 at the time of his death, and was the plaintiffs’ first born son. He was raised by his grandmother until he was six years old. He had left school in the ninth grade, was living with his parents, and was working as a mechanic at a service station. According to their uncontradicted testimony, the plaintiffs enjoyed a good and close relationship with their son.
We feel that an award of $75,000 to each parent is just and appropriate.
Plaintiffs’ son remained alive for a short time (an hour or less) after the collision, but plaintiffs failed to prove that the boy was ever conscious and aware of his pain and impending death. Accordingly, we cannot award any amount for this element of damages. Plaintiffs are also entitled to the sum of $2,914.65 for medical and funeral expenses proven at trial. Of course, USF & G will be bound to pay no more than applicable policy limits.
Accordingly, for the foregoing reasons, judgment is hereby rendered affirming that portion of the trial court’s judgment dismissing plaintiffs’ suit against Congregation of St. Joseph’s Roman Catholic Church, Chauvin, Louisiana and the Roman Catholic Church of the Diocese of Houma-Thibodaux; that portion of the judgment below dismissing plaintiffs' suit against USF & G is hereby affirmed but amended to apply to USF & G in its capacity as St. Joseph’s liability insurer; judgment is hereby rendered in favor of plaintiffs and against defendant USF & G, in its capacity as the Dubois UM insurer, in the amount of $152,914.65, plus interest, subject to its applicable policy limits. Costs to be paid in equal portions by plaintiffs-appellants and defendant USF & G.
AMENDED, AND AS AMENDED, AFFIRMED.

. Apparently, plaintiffs’ petition is incorrect; in its answer the church refers to itself as Congregation of St. Joseph’s Roman Catholic Church, Chauvin, Louisiana. The judgment appealed from used the same title.

. The insurance policy upon which they were sued had expired prior to the accident. USF & G’s third-party demand against them was also dismissed.

. .There was some testimony that hard liquor may have been available for purchase at the 1979 fair.

. LSA-R.S. 14:91 provides, in pertinent part:
"Unlawful sales to minors is the selling, or otherwise delivering for value by anyone over the age of seventeen of any alcoholic beverage either of high or low alcoholic content ... to any person under the age of eighteen. Lack of knowledge of the minor’s age shall not be a defense.
Whoever commits the crime of unlawful sales to minors shall be fined not more than three hundred dollars, or imprisoned for more than six months, or both.”
LSA-R.S. 26:88(1) provides:
*600 “No person holding a retail dealer’s permit and no agent, associate, employee, representative, or servant of any such person shall do or permit any of the following acts to be done on or about the licensed premises:
(1) Sell or serve alcoholic beverages to any person under the age of eighteen years, unless such person submits a driver’s license, selective service card or other lawful identification which, on its face, establishes the age of the person as eighteen years or older and there is no reason to doubt the authenticity or correctness of the identification.
LSA-R.S. 26:285 provides, in pertinent part:
"No person holding a retail dealer’s permit and no servant, agent, or employee of the permittee shall do any of the following acts upon the licensed premises:
(1) Sell or serve beverages of low alcoholic content to any person under the age of eighteen years, unless such person submits a driver’s license, selective service card or other lawful identification which, on its face, establishes the age of the person as eighteen years or older and there is no reason to doubt the authenticity or correctness of the identification.