523 So.2d 2 (1988)
David E. PORCHE
v.
The CITY OF NEW ORLEANS, et al.
No. CA-8540.
Court of Appeal of Louisiana, Fourth Circuit.
March 10, 1988.
Mark M. Gloven, McGlinchey, Stafford, Mintz, Cellini & Lang, New Orleans, for defendants/appellees.
Roland L. Belsome, Wiedemann & Fransen, New Orleans, for plaintiff-appellant.
Before GULOTTA, BYRNES and CIACCIO, JJ.
BYRNES, Judge.
By this appeal, David Porche, seeks reversal of a summary judgment dismissing his suit against the City of New Orleans and two of its police officers. We affirm.
In May, 1984 David Porche was stopped at a police barricade. He was arrested for driving while intoxicated and asked to submit to a chemical (blood) test for intoxication. Porche consented and executed a standard consent form. However, when Porche learned that one of the officers was going to take the sample on the street, he allegedly withdrew his consent on the grounds that he had thought the sample was going to be taken in a hospital by a doctor or nurse. According to Porche, the officers ignored his vehement objections, pushed him to the ground, and took the sample against his will. Porche filed suit against the city and the two officers alleging that the officer's wrongful acts had caused him to suffer physical and emotional injury.
A general denial was entered on behalf of the defendants. This was followed by a motion for summary judgment. That motion alleged; 1) that under R.S. 32:661 (A), Porche's consent to the test was implied and therefore not an issue; 2) that at the time of the offense, the officer who took the sample was qualified to do so under R.S. 32:664(A); 3) that the proper procedures for administering the test were followed by the officer and; 4) that under R.S. 32:664(C), the person who administers the test and his employer (here the City) are granted immunity from civil or criminal liability arising out of the administration of such tests.
Attached to this motion was a copy of the arresting officer's affidavit attesting to *3 the fact that he stopped Porche for DWI because he had tried to drive through the police barricade. Also attached was the consent form signed by Porche, and an affidavit of the officer who took the sample. This affidavit attested to the fact that the test was properly administered, that Porche gave his consent to the test after being advised of his rights, and that no physical force was used on Porche by any member of the police department. Also attached to these affidavits as exhibits was documentation proving that the officer who took the sample was a qualified Phlebotomist.
Porche filed a memorandum opposing the motion in which he again alleged that the officers used force to push him to the ground and take the blood sample. He also urged that he was not required to consent to the test under R.S. 32:666(A) because no fatality or serious injury was involved. Attached to this memorandum was a brief affidavit attesting to the fact that Porche withdrew his consent to the test and was forced to the ground by the officers, who then took blood against his will. This affidavit, which is clearly the original, was not signed by the plaintiff and was not notarized. The trial judge, noting the qualification of the officer administering the test, Porche's consent form, and the statutory immunity provided by R.S. 32:664(C), granted the motion and dismissed the suit with prejudice. Given the record before us, we agree with the trial judge that there was no genuine issue of material fact in dispute and that the defendants were entitled to judgment as a matter of law.
Under C.C.P. Art. 967, when a motion for summary judgment is supported by affidavits, attached exhibits, and other competent evidence, the burden of proof shifts to the opponent who may not simply rest on the allegations or denials contained in his pleadings, but must respond by affidavit or otherwise, and set forth specific facts showing, that a genuine issue remains for trial. Equipment Inc. v. Anderson Petroleum Inc., 471 So.2d 1068 (La.App. 3rd Cir.1985); Massingale v. Sibley, 449 So.2d 98 (La.App. 1st Cir.1984); Meyers v. Gulf Insurance Co., 413 So.2d 538 (La.App. 4th Cir.1982).
As Judge (now Justice) Lemon stated in Continental Casualty Co. v. McClure, 313 So.2d 260 (La.App. 4th Cir.1975).
... where the moving party files an affidavit which, while uncontradicted, sets the operative facts as to tortious conduct at rest, the opposing party must establish that there is a factual dispute or suffer the possibility of a summary judgment. In the absence of a factual dispute (and the neccesity for weighing evidence which cannot be permitted in summary judgment proceeding), the trial judge merely accepts, as established, all of the undisputed facts and determines, as a matter of law, whether under the establishment (sic) facts the mover is entitled to the relief sought.
Here, the affidavits and attached exhibits submitted by the defendants set the operative facts as to their allegedly tortious conduct to rest and showed that they were entitled to judgment as a matter of law. Once this showing was made the burden of proof shifted to Porche.
As discussed above, the only evidence submitted by Porche in opposition to the defendant's motion was his unsigned, unnotarized affidavit. In our opinion, this unsigned (and therefore legally unexecuted) affidavit was of absolutely no evidentiary value and could not have been considered by the trial judge. See Continental Casualty, supra at 262.
Absent this affidavit, the plaintiff/opponent submitted no competent evidence challenging the showing made by the defendants in their motion and thus failed to meet his burden of proof under C.C.P. Art. 967. Since the defendant's showing was sufficient to justify the relief sought, summary judgment was properly granted. Costs of this appeal are to be paid by the appellant.
AFFIRMED.