573 So.2d 545 (1991)
Cynthia EDSON
v.
William T. WALKER, Jerry D. Cantu, Allstate Insurance Company, Sting, Inc., Bobby Silor, Razzy's, Junior's Lounge, Marvin Baudean, Larry and Sandy (and/or Sally) Davis, and Mr. and Mrs. Walker.
No. 89 CA 1270.
Court of Appeal of Louisiana, First Circuit.
January 8, 1991.
Writ Denied March 1, 1991.
Thomas L. Smith, New Orleans, for plaintiff-appellant.
Iddo Pittman, Jr., Hammond, for defendant-appellee, Bobby Silor, et al.
E. Kelleher Simon, Covington, for Allstate Ins. Co.
Ron S. Macaluso, Hammond, for State Farm Ins. Co.
Before SHORTESS, SAVOIE, CRAIN, LEBLANC and FOIL, JJ.
CRAIN, Judge.
This is an appeal from a summary judgment granted in favor of defendants.
While walking across West Thomas Street in Hammond, Cynthia Edson was struck by an automobile driven by William T. Walker. Immediately prior to the accident, Walker, age seventeen at the time, had been drinking alcoholic beverages at Junior's, a lounge in Hammond. That *546 night Junior's had advertised a drink special (all you could drink for a set price). Upon entering Junior's, Walker allegedly presented identification which on its face established him to be of legal drinking age.
Ms. Edson instituted this personal injury action against numerous defendants including the Sting, Inc.; Razzy's and/or Junior's Lounge; Marvin Baudean and Bobby Silor, owners and operators of these establishments; and Canal Indemnity Company, their liability insurer. Silor, Baudean, Canal Indemnity, The Sting and Junior's (Razzy's) moved for summary judgment. In granting summary judgment in favor of movants the trial court stated that plaintiff was attempting to "create `Dram Shop' liability. There is no `Dram Shop' law in this state." Plaintiff has appealed. The sole issue before us is whether the trial court correctly granted the summary judgment.
A motion for summary judgment should be granted where there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. La.C.C.P. art. 966; Pickett v. Jacob Schoen & Son, Inc., 488 So.2d 1257 (La.App. 4th Cir.1986).
The trial court found as a matter of law that the legislative and jurisprudential stance against Dram Shop liability applies to absolve defendants of liability for harm to third persons caused by the effects of alcohol on a minor to whom defendants have sold alcoholic beverages. The court concluded that since Louisiana has no "Dram Shop" liability, defendants are not liable for the allegedly negligent actions of a minor to whom they sold alcoholic beverages.
The legislature was silent regarding the issue of "Dram Shop" liability until it enacted La.R.S. 9:2800.1 which provides that the consumption of alcohol, not the sale or serving of the alcohol, is the proximate cause of any injury occurring off the premises. This applies to injuries to either the consumer, who is over the age for the lawful purchase of alcohol, or to any third person injured by the consumer due to the effects of alcohol. This statute does not relieve the seller or furnisher of alcohol to minors from liability to minors or third persons injured by minors due to the effects of alcohol. The statute was effective June 6, 1986. This accident occurred in August, 1985. Consequently, the statute does not apply. However, it evidences legislative intent to retain the jurisprudence with reference to liability for the sale or furnishing of alcohol to minors and injuries resulting therefrom.
The jurisprudence has declined to impose strict liability on the seller or server of alcoholic beverages. Thrasher v. Leggett, 373 So.2d 494 (La.1979). Liability has been imposed on the seller or server of alcoholic beverages when the court has found the violation of a duty under La.C.C. art. 2315 and 2316 to avoid affirmative acts which increase the risk of peril to an intoxicated person. The jurisprudence has generally held that consumption of the alcohol, not the sale or serving of it, is the proximate cause of harm caused by the alcohol. Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772 (La.1980).
Legislation has been enacted pertaining to the sale of alcohol to minors. Persons selling alcoholic beverages to minors under eighteen years of age are subject to six months imprisonment and/or a $300 fine. Lack of knowledge of the minor's age is not a defense. La.R.S. 14:91. Persons seventeen years of age who purchase alcoholic beverages are subject to either a fine or ten days imprisonment. La.R.S. 14:91.1. Further, persons holding a retail dealer's permit (or their agents or employees) who sell or serve alcoholic beverages to persons under eighteen years of age are subject to the suspension or revocation of their permits. Where the minor has been served or sold alcohol after presenting apparently valid lawful identification, which on its face establishes that the minor is eighteen years old or older, and the retailer has no reason to doubt the correctness and authenticity of the identification, the retailer may establish such as a defense. La.R.S. 26:286(A)(1), (H) and 26:90(A)(1), (H).
This court has held that these statutes reflect the legislative intent as a matter of public policy, to keep alcohol out of the hands of persons under the age of *547 eighteen. Chausse v. Southland Corp., 400 So.2d 1199 (La.App. 1st Cir.), writs denied, 404 So.2d 497, 498 (La.1981). Criminal statutes serve as guidelines to aid the courts in determining civil liability. Gresham v. Davenport, 537 So.2d 1144 (La.1989). In Gresham, which involved the serving of alcoholic beverages by a minor hostess to a minor guest, the Louisiana Supreme Court reversed the appellate court's determination of liability of the minor hostess. However, it declared that a duty risk analysis, involving determination of the existence of a duty, whether the risk is encompassed by the duty, and causation should be applied to claims of injuries caused by the effects of providing alcoholic beverages to minors. Id. at 1147, 1148. Such an analysis was used to find "Mrs. Falgout acted unreasonably by ... serving alcoholic beverages to minors" in St. Hill v. Tabor, 542 So.2d 499 at 502 (La.1989).
Based on the pleadings and affidavits we cannot say as a matter of law that a retailer of alcoholic beverages has no duty to refrain from selling or serving alcoholic beverages to persons under the age of eighteen years. The facts and circumstances under which a duty would be imposed in this particular case, the scope of the risk encompassed by the duty and causation are more appropriately determined by trial on the merits, not by summary judgment. Jarvis v. J.I. Case Co., 551 So.2d 61 (La.App. 1st Cir.1989), writs denied, 556 So.2d 56, 62, 63 (La.1990). Accordingly, the summary judgment is reversed.
REVERSED AND REMANDED.
FOIL, J., dissents and would affirm the Trial Judge.