652 So.2d 628 (1995)
Gilbert Ray SPEARS, Jr. and James Richardson, as Tutor of his Minor Son, Michael Richardson, and Mary Richardson
v.
Steven R. BRADFORD, Automotive Casualty Insurance Company, Carolyn G. Watson, Farm Bureau Insurance Company, Brian J. Purchner, the Louisiana Farm Bureau Insurance Company, and Ford Motor Company.
Brooklyn B. HAYDEN, Jr. and Gayle Hayden, individually and as Administrators of the Estate of Their Minor Daughter, Melanie Hayden
v.
Steven R. BRADFORD, the Automotive Casualty Insurance Company, Carolyn G. Watson, Farm Bureau Insurance Company, Brian J. Purchner, Dennis W. McDow, III and Cindy M. McDow, Jack Ziadeh d/b/a Redi Gas, ABC Insurance Company and XYZ Insurance Company.
Nos. 94 CA 0892, 94 CA 0893.
Court of Appeal of Louisiana, First Circuit.
March 3, 1995.
*630 Darleen M. Jacobs, Andre P. Guichard, New Orleans, for plaintiffs-appellants, Gilbert Spears, Michael Richardson and Mary Richardson.
G. Wayne Kuhn, Franklinton, for plaintiffs-appellants, Brooklyn B. Hayden, Jr. and Gayle Hayden, et al.
Ronald J. Brumfield, Franklinton, for defendants-appellees, John Watson and Farm Bureau Ins.
John Gallaspy, Bogalusa, for defendantsappellees, Carolyn Watson and La. Farm Bureau Ins.
Adrianne L. Baumgartner, Covington, for defendants-appellees, Dennis McDow and Cindy McDow Adams, State Farm Ins.
Charles M. Hughes, Jr., Bogalusa, for defendant-appellee, LIGA.
Keith G. Contreary, Metairie, for defendant-appellee, Stacey Bradford and Automotive Cas. Ins.
Before LOTTINGER, C.J., and SHORTESS and CARTER, JJ.
CARTER, Judge.
This is an appeal from a trial court judgment, granting a motion for summary judgment in an action for damages arising out of an automobile accident.

FACTS
On or about December 28, 1990, Michael Richardson and Gilbert Ray Spears were guest passengers in a 1985 Ford Ltd. owned by Carolyn G. Watson and operated by Brian J. Purchner. The Purchner vehicle was traveling east on La. Highway 16 in Washington Parish. At approximately the same time, Melanie Hayden was a guest passenger in a 1985 Pontiac Firebird owned by Steven R. Bradford and operated by Stacey M. Bradford. The Bradford vehicle was traveling west on La. Highway 16 in Washington Parish. Subsequently, the two vehicles were involved in a head-on collision, and the drivers and occupants of both vehicles were injured. The drivers of both vehicles were minors and had been uninvited guests at a party hosted by Angie McDow at the home of her mother, Cindy McDow Adams.
On July 8, 1991, Gilbert Ray Spears, Jr., James Richardson, as tutor of his minor son, Michael, and Mary Richardson,[1] filed a petition for damages arising out of the December 28, 1990, accident. Among others, named as defendants in the petition were Steven Bradford, father of Stacey M. Bradford; The Automotive Casualty Insurance Company, Bradford's liability insurer; Carolyn G. Watson, owner of the Purchner vehicle; Farm Bureau Insurance Company, liability insurer of Watson; Brian J. Purchner, operator of one of the automobiles involved in the accident; The Louisiana Farm Bureau Insurance Company, as uninsured and underinsured motorist insurer of Richardson, and Dennis F. McDow and Cindy McDow Adams.
On December 27, 1991, Brooklyn B. Hayden, Jr. and Gayle Hayden, individually, and as administrators of the estate of their minor daughter, Melanie Hayden, also filed a petition for damages arising out of the December 28, 1990, accident, naming virtually the same defendants as had been named in the Spears and Richardson suit. On May 11, *631 1992, the trial court ordered that the two suits be consolidated.[2]
The only defendants involved in the instant appeal are Cindy McDow Adams (Adams) and her homeowner's insurer, State Farm Fire and Casualty Company and/or State Farm Mutual Automobile Insurance Company (State Farm). Adams was alleged to be negligent for providing alcoholic beverages (at her daughter's party) to the minors involved in the accident and for ordering them to leave her home in automobiles when she knew or should have known that they were intoxicated.
On September 29, 1993, Adams and State Farm filed a motion for summary judgment, claiming that there were no genuine issues of material fact in dispute and that they were entitled to judgment as a matter of law. Adams contended that she provided no alcohol to any of the guests at her daughter's party on December 28, 1990. Attached to Adams and State Farm's motion for summary judgment were the following: excerpts from the depositions of Sean Caldwell, Robert W. Crain, Jr., Melanie Hayden, Melissa Thigpen, Stacey Bradford, and Gilbert Ray Spears, Jr.; and the affidavits of Angie McDow and Adams. In opposition to the motion for summary judgment, the plaintiffs submitted a letter written by Angie McDow to one of the accident victims and the deposition of Matt Crowe.
On October 25, 1993, a hearing was held on the motion for summary judgment, and on November 30, 1993, and December 30, 1993, the trial court rendered judgments, granting the motion for summary judgment filed by Adams and State Farm. From these judgments, the plaintiffs appealed, assigning as error the trial court's granting of the motion for summary judgment.

SUMMARY JUDGMENT
A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine factual dispute. Ouachita National Bank in Monroe v. Gulf States Land & Development, Inc., 579 So.2d 1115, 1120 (La.App. 2nd Cir.), writ denied, 587 So.2d 695 (La.1991). The motion should be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art 966; Thompson v. South Central Bell Telephone Company, 411 So.2d 26, 27 (La. 1982); Legros v. Norcen Exploration, Inc., 583 So.2d 859, 860 (La.App. 1st Cir.), writs denied, 588 So.2d 101, 109 (La.1991).
A fact is material if its existence is essential to the plaintiff's cause of action under the applicable theory of recovery and without which the plaintiff could not prevail. Material facts are those that potentially insure or preclude recovery, affect the litigant's ultimate success, or determine the outcome of a legal dispute. Penalber v. Blount, 550 So.2d 577, 583 (La.1989).
The burden is upon the mover for summary judgment to show that no genuine issue of material fact exists, and only when reasonable minds must inevitably conclude that mover is entitled to judgment as a matter of law is summary judgment warranted. Robertson v. Our Lady of Lake Regional Medical Center, 574 So.2d 381, 384 (La.App. 1st Cir.1990), writ denied, 573 So.2d 1136 (La.1991). To satisfy this burden, the mover must meet a strict standard by showing that it is quite clear as to what the truth is and excludes any real doubt as to the existence of material fact. Ouachita National Bank in Monroe v. Gulf States Land & Development, Inc., 579 So.2d at 1120. The court must closely scrutinize the papers supporting the position of the mover, while the papers of the party opposing the motion are to be treated indulgently. Ortego v. Ortego, 425 So.2d 1292, 1297 (La.App. 3rd Cir.1982), writ denied, 429 So.2d 147 (La.1983).
It is only after the moving party has shown that there are no genuine issues of material fact and that he is entitled to judgment as a matter of law that the burden shifts to the party opposing the motion to come forward with specific facts establishing *632 the existence of a genuine issue of fact for trial. Daigle v. United States Fidelity and Guaranty Insurance Company, 610 So.2d 883, 886 (La.App. 1st Cir.1992); Caballero Planting Co., Inc. v. Hymel, 597 So.2d 35, 37 (La.App. 1st Cir.1992).
Summary judgments are not favored and should be used cautiously and sparingly. Penalber v. Blount, 550 So.2d at 583. In determining whether material facts have in fact been disposed of, any doubt is to be resolved against granting the summary judgment and in favor of trial on the merits. Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772, 775 (La.1980). This is true even if grave doubt exists as to a party's ability to establish disputed facts at trial. Equipment, Inc. v. Anderson Petroleum, Inc., 471 So.2d 1068, 1070-71 (La.App. 3rd Cir.1985). Where the trial court is presented with a choice of reasonable inferences to be drawn from the subsidiary facts contained in the affidavits, attached exhibits, and depositions, the reasonable inferences must be viewed in the light most favorable to the party opposing the motion. Jones v. Briley, 593 So.2d 391, 393 (La.App. 1st Cir.1991).
Appellate courts are to review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342, 345 (La.1991). Because it is the applicable substantive law that determines materiality, whether or not a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. Sun Belt Constructors, Division MCC Constructors, Inc. v. T & R Dragline Service, Inc., 527 So.2d 350, 352 (La.App. 5th Cir. 1988).
The substantive law applicable in the instant case is the law regarding the liability of alcohol providers. The law imposes no absolute liability against the providers of alcohol; rather, a duty risk analysis is applied. See Gresham v. Davenport, 537 So.2d 1144, 1148 (La.1989); Bertrand v. Kratzer's Country Mart, 563 So.2d 1302, 1303 (La.App. 3rd Cir.), writ denied, 569 So.2d 959 (La.1990).[3]
A duty in negligence cases may be defined as an obligation, to which the law will give recognition and effect, to conform to a particular standard of conduct toward another. St. Hill v. Tabor, 542 So.2d 499, 502 (La.1989). The imposition of a duty depends on a case by case analysis. Gresham v. Davenport, 537 So.2d at 1147.
LSA-R.S. 14:91.3 makes it unlawful for any adult to purchase on behalf of a person under the age of eighteen any alcoholic beverage either of high or low alcoholic content. Although this statute does not directly impose civil responsibility, it serves as a guideline for the determination of an adult's civil duty to refrain from procuring alcoholic beverages for use by a minor. Garcia v. Jennings, 427 So.2d 1329, 1333 (La. App. 2nd Cir.1983). Clearly, an adult has a duty not to purchase alcohol for or furnish alcohol to a minor. See Garcia v. Jennings, 427 So.2d at 1333. Further, under LSA-C.C. arts. 2315 and 2316, the sellers or servers of alcohol also have a duty to avoid performing an affirmative act which increases the peril to an intoxicated person. Thrasher v. Leggett, 373 So.2d 494, 497 (La.1979); Edson v. Walker, 573 So.2d 545, 546 (La.App. 1st Cir.), writ denied, 576 So.2d 34 (La.1991); Brown v. Wolfe, 525 So.2d 355, 357 (La.App. 1st Cir.), writ denied, 530 So.2d 569 (La.1988).
Thus, in the instant case, before the law will impose liability on Adams, it must be shown that she served or provided alcohol at the party on December 28, 1990, and, if so, that she performed an affirmative act which increased the peril posed to an intoxicated *633 person. The plaintiffs contend that Adams served or permitted alcohol to be served at her daughter's party on December 28, 1990, and that she performed an affirmative act which increased the peril posed to Stacey Bradford.
With regard to the issue of whether Adams served or permitted alcoholic beverages to be served, the evidence presented in support of the motion for summary judgment reveals that Adams did not serve alcoholic beverages to the party guests. The affidavits of Adams and her daughter, Angie, reveal that, prior to the party, the guests were all advised that there were to be no alcoholic beverages at the party. Adams' affidavit also indicates that a guest apparently brought a party ball (small keg of beer) to the party, which was initially in the trunk of the automobile and was subsequently on the rear porch of the Adams' home, and that Adams permitted several of the guests to finish the alleged four to six cups of beer which remained in the party ball. However, the deposition testimony of various individuals who attended the party revealed that none of the drivers or occupants of the Bradford or Purchner vehicles, including Stacey Bradford, drank any beer from the party ball. The deposition testimony reveals that the minors involved in this litigation obtained their own alcohol before going to the Adams' party and that they did not drink any beer at the Adams' residence. Clearly, the evidence presented in support of the motion for summary judgment established that Adams did not serve or provide alcohol to the minor children involved in the instant accident.
Thereafter, the burden of proof shifted to the plaintiffs, and it became incumbent upon them to show that a genuine issue of material fact remained with regard to whether Adams provided alcoholic beverages. This plaintiffs failed to do this. The only deposition testimony submitted in opposition to the motion for summary judgment was that of Matt Crowe, which indicates that Adams did not provide alcohol.[4]
Based on the foregoing, we find that all of the evidence adduced in this matter shows that Adams did not provide alcohol to the minor children involved in the instant accident. Therefore, we conclude that there are no genuine issues of material fact in dispute and that Adams is entitled to judgment as a matter of law. The trial court correctly granted the motion for summary judgment.[5]

CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed against the plaintiffs.
AFFIRMED.
NOTES
[1] Michael Richardson subsequently reached the age of majority and was added as a plaintiff in his own right.
[2] Various pleadings were filed by other parties. However, none of the issues raised in those pleadings are relevant to the issues presented in the instant appeal.
[3] The legislature was silent regarding the issue of "Dram Shop" liability until it enacted LSA-R.S. 9:2800.1 which provides that the consumption of alcohol, not the sale or the serving of alcohol, is the proximate cause of any injury occurring off the premises. This applies to injuries to either the consumer who is over the age for the lawful purchase of alcohol or to any third person injured by the consumer due to the effects of alcohol. This statute does not relieve the seller or furnisher of alcohol to minors from liability to minors or to third persons injured by minors due to the effects of alcohol. The statute became effective on June 6, 1986. Edson v. Walker, 573 So.2d 545, 546 (La.App. 1st Cir.), writ denied, 576 So.2d 34 (La.1991).
[4] We note that plaintiffs also introduced a copy of a letter allegedly written by Angie McDow. Standing alone, this letter has absolutely no evidentiary value and cannot be considered. See Porche v. City of New Orleans, 523 So.2d 2, 3 (La.App. 4th Cir.1988); Lake Superior Piling Co., Inc. v. Mobile Oil Corp., 502 So.2d 581 (La.App. 1st Cir.1987).
[5] Because the evidence adduced in this matter shows that Adams did not provide alcoholic beverages, we need not reach the issue of whether Adams performed an affirmative act which increased the peril posed by Stacey Bradford's alleged intoxicated condition.