SARTAIN, Judge.
The accident giving rise to this litigation occurred on March 17,1972, at the intersection of Range Avenue and Rushing Road in Denham Springs, Louisiana. The vehicles involved were a 1970 Chevrolet pickup truck and a 1968 Datsun pickup truck. The Chevrolet was being driven by Mrs. Barbara Edwards who was accompanied by her husband, Wiley P. Edwards. The Datsun was being driven by Emmett C. Allen, who was accompanied by his wife, Alice Allen.
Located on the northwest corner of the intersection is a service station, which at the time was owned and operated by Humble Oil & Refining Company. Subsequent to the accident, but prior to trial, Humble was merged into Exxon Corporation, hereinafter referred to as Exxon.
*219 Mr. and Mrs. Allen[1] instituted this action against Mr. and Mr. Edwards and Exxon, averring independent but not joint negligence on the part of each. Trial on the merits resulted in a judgment in favor of the Allens but against Exxon only. We reverse.
The accident occurred at approximately 7:15 o’clock p.m. It was dark. The weather was not a factor.
Range Avenue at the scene of the accident runs generally in a north-south direction. It is a large four lane concrete thoroughfare with two twelve-foot lanes for each direction of traffic. It is further bordered by an eight-foot asphalt shoulder which widens to twelve feet at the intersection and in front of the Exxon station.
Rushing Road runs generally in an east-west direction. It is a two lane improved street which is controlled by a stop sign. However, because of the widened hard surface area at the southwest corner of the intersection, the stop sign is located some thirty feet west of the west edge of the outside lane of Range Avenue.
The Exxon station had two driveways onto Range Avenue and one driveway onto Rushing Road. In the front of the station and adjacent to Range Avenue is a grass “island” which is rectangular in shape. Another such “island”, triangular in shape, is located at the southeast corner of the station.
Exxon at the time was celebrating its grand opening. To attract the attention of passing motorists it had placed on the grassy island in front of its station several signs denoting “Free Chicken” and “Grand Opening.” Streamers were run from the top of its canopy to the grassy area. Gas filled balloons were anchored in this same area. Also located in this island were “S & H” and gasoline price signs. Spotlights, music and loud speakers were also utilized. Attractive young girls served chicken, smiled and played music.
Aside from the alleged visual obstructions, the only pertinency all of the remaining hoopla bears to the legal issue presented relates to the parked vehicle in front of the station. Allen argues that the promotional activities of Exxon made it foreseeable that a guest for the occasion would park in front of the station thus compounding the problem.
Mr. Allen testified that as he approached the intersection he stopped at the stop sign and because of the obstructions immediately in front of and on Exxon’s property his view of southbound traffic on Range Avenue was totally blocked. He then eased up to the south edge of Range Avenue, stopping some two or three more times and still could not obtain a clear view of traffic to his left. He then eased his vehicle slowly forward into Range Avenue when he was struck by the oncoming Edwards vehicle. He claims that the front of his truck was only two or three feet into the outside-southbound lane of Range Avenue. The testimony of Mrs. Allen generally corroborates that of her husband.
Sgt. Clay Gregoire of the Denham Springs Police Department investigated the accident shortly after its occurrence. He examined the physical evidence and noted that the greater portion of the accident debris was found in the center of the two southbound lanes of Range Avenue. He stated that from the stop sign on Rushing Road visibility to the north was blocked by the signs, streamers, etc. on the Exxon property. But upon moving further to the east past the stop sign, his view to the north became clear. He opined that if a vehicle had been parked on the asphalt shoulder in front of the station on Range *220 Avenue, visibility would once again be limited. He stated that sometime prior to the day of the accident he received a complaint that certain signs at the station were blocking visibility and that in response to the complaint he dispatched an officer to take care of it. Immediately following the accident, he did not ask that the signs be moved again because he did not think it was necessary. He ticketed Allen for failure to yield.
Mr. R. E. Miller, Sales Representative for Exxon, was in charge of the promotional activities for the grand opening. He conceded that the purpose of these activities was to encourage the public to patronize the station. Shortly after the signs were placed in their original position, he and Steven L. Richardson, the station manager, rode down Rushing Road and Range Avenue in both directions to see whether the signs posed any possible safety hazard and that one or more of these signs were moved away from the curb either in response to his instructions or at the request of the police department.
Steven L. Richardson corroborated the testimony of Miller but said that the signs were first moved at his and Miller’s instance and then again at the request of the officer. He agreed that the photograph (Exxon 3) substantially depicted the way the station looked on the day of the accident except that the WLBI sound truck which appears in the photograph was not there at the time of the accident.
Mrs. Barbara Edwards testified that she was traveling in the inside southbound lane of Range Avenue and estimated her speed at 50 m.p.h. She stated that she saw the Allen vehicle for the first time immediately prior to impact. She could not remember whether her attention was drawn to the activities of the station. She further testified that the right front of her truck hit the Datsun’s (Allen) left front bumper. She placed the point of collision at the middle of the two southbound lanes of Range Avenue.
Mr. Edwards, who was a passenger in the Chevrolet truck, also estimated speed at 50 m.p.h. He testified that he, like his wife, did not see the Allen vehicle until just prior to impact and that his vehicle’s right front bumper hit the left front bumper of the Allen truck. He placed the point of collision as being a few feet inside the southbound lane of Range Avenue.
Lawrence Deleroderie’s testimony that Allen failed to stop at the stop sign and just proceeded into the intersection was rejected by the trial judge as “totally unworthy of belief.”
The trial judge made the following factual conclusions: Allen did stop at the stop sign on Rushing Road and made several subsequent stops past the stop sign. He (Allen) was first unable to see the approach of the Edwards vehicle because of the signs, banners and streamers on the Exxon property. As Allen reached the edge of Range Avenue he was still unable to see the oncoming traffic because of the parked vehicle in front of the station. The judge a quo further concluded “Although not necessarily relevant to a determination of liability, the court finds that music was emanating from the Exxon station and that spotlights located on the Exxon property were shining in the direction of the Allen vehicle.”
Under the duty-risk approach, the trial judge found that Exxon had violated R.S. 48:461.4(c)4, which provides:
“No sign may be located in such a manner as to prevent the driver of a vehicle from having a clear, unobstructed view of official signs and approaching merging or intersecting traffic and driveways.”
and that this violation was a cause-in-fact of the accident. Pierre v. Allstate Insurance Company, 257 La. 471, 242 So.2d 821 (1970); Dixie Drive-It Yourself System v. American Beverage Company, 242 La. 471, 137 So.2d 298 (1962).
The trial judge further held that the same basic duty as imposed by the above statute was owed by Exxon as a “simple matter of due care.” Stewart v. Lewis, 292 So.2d 303 (La.App. 1st Cir. 1974).
*221 Before addressing ourselves to the legal considerations involved, we must first resolve a very crucial issue of fact, namely, the point of impact. The trial judge did not adequately address this issue. He simply stated that Allen proceeded into the intersection cautiously, thereby impliedly accepting Allen’s testimony that the point of impact was just a few feet inside the outside lane. We cannot uphold this conclusion. All of the witnesses except Allen placed the accident in the inside lane. The uncontra-dicted testimony of the investigating officer that the debris of the accident was concentrated in the center of the two lanes lends much credence to the testimony of the other witnesses that this was the point of impact. We hold that to accept the testimony of a single witness which conflicts with the testimony of the other witnesses and especially with the testimony as to the debris constitutes manifest error. Alexander v. St. Paul Fire & Marine Insurance Co., 312 So.2d 139 (La.App. 1st Cir. 1975), writ refused 313 So.2d 846 (La.1975). Accordingly, we find factually that Mr. Allen entered the intersection, albeit at a very slow rate of speed, and that he had traversed the intersection to a point two or three feet into the inside lane when the accident occurred.
We do not find that the cited statute is applicable. The act relied upon is part of Act 474 of 1966 which was enacted to control outdoor advertising adjacent to the national interstate system and designated primary state highways. Plaintiffs have made no showing whatsoever that the intersection in question falls within the purview of the cited statute.
We are riot prepared to hold, as did the trial judge, that Exxon breached a duty of reasonable care. Rather, we conclude that, all of the factors considered, Exxon is not liable under the facts and circumstances presented in this case.
What we are actually confronted with in the instant matter is a policy consideration of whether liability should be imposed on a business establishment which, in the course of conducting lawful promotional activities on private property, so obstructs sight lines as to create a blind intersection. The matter is further complicated by the existence of a vehicle, legally parked in front of the defendant’s business establishment, which the trial judge found completely obstructed the plaintiff’s view of oncoming traffic between the stop sign and the western edge of Range Avenue. In Hill v. Lundin & Associates, Inc., 260 La. 542, 256 So.2d 620 (1972), the court stated:
“The same policy considerations which would motivate a legislative body to impose duties to protect from certain risks are implied by the court in making its determination. ‘All rules of conduct, irrespective of whether they are the product of a legislature or are a part of the fabric of the court-made law of negligence, exist for purposes. They are designed to protect some persons under some circumstances against some risks. Seldom does a rule protect every victim against every risk that may befall him, merely because it is shown that the violation of the rule played a part in producing the injury. The task of defining the proper reach or thrust of a rule in its policy aspects is one that must be undertaken by the court in each case as it arises. How appropriate is the rule to the facts of this controversy? This is a question that the court cannot escape.’ Malone, Ruminations on Cause-in-Fact, 9 Stanford L.Rev. 60, 73 (1956).”
The law imposes a heavy burden upon a motorist entering a blind intersection. Lucas v. Broussard, 197 So.2d 696 (La.App. 4th Cir. 1967). As Allen crossed the outside lane of southbound traffic on Range Avenue, accepting his statement that he was proceeding very slowly, all of the obstructions of which he complained were to his left rear and were no longer obstructing his view, yet Allen failed to see an oncoming vehicle when he had had the opportunity to do so. We hold that when Allen crossed the western edge of Range Avenue he removed himself and his passenger from the ambit *222 or scope of protection of any duty which Exxon may have owed under these circumstances.
Accordingly, for the above reasons, the judgment of the district court is reversed and plaintiffs’ suit is dismissed at their costs.
REVERSED AND RENDERED.
ELLIS, J., concurs with written reasons.

. Mrs. Allen died on February 7, 1978. Pursuant to a motion by her legal heirs, an order was entered by the court on April 27, 1978, substituting Emmett C. Allen, Sr., Emmett C. Allen, Jr., Dorothy Allen Ott, Earl May Richmond and Joyce Allen Babin as parties plaintiff in this cause in lieu of Mrs. Alice Allen,