643 So.2d 389 (1994)
Connie Sue EVANS, Individually and on Behalf of her Minor Son, Clyde Glenn Isaac, Jr., Plaintiff/Appellant,
v.
AUTOMOTIVE CASUALTY INSURANCE COMPANY, et al., Defendants/Appellees.
No. 94-129.
Court of Appeal of Louisiana, Third Circuit.
October 5, 1994.
*390 Daniel Elmo Broussard Jr., Alexandria, for Connie Sue Evans, Etc.
Jacques Cleveland Fruge Jr., Lafayette, for City of Lafayette.
Wendell Verret, New Iberia, for LIGA.
David Michael Kaufman, Lafayette, for State Farm Ins.
Before YELVERTON and COOKS, JJ., and BERTRAND[*], J. Pro Tem.
LUCIEN C. BERTRAND, Judge Pro Tem.
In this tort action arising from a rear-end collision, plaintiff appeals the dismissal, via summary judgment, of one defendant and his insurer. Plaintiff, Connie Sue Evans, filed suit on behalf of her minor son, Clyde Isaac, who was a passenger in the following vehicle. The defendant in whose favor summary judgment was granted is Ronald Lopez, the driver of the lead vehicle; he was insured by State Farm Mutual Automobile Insurance Company. Other defendants were named in the suit, but this appeal does not concern those parties.
The accident occurred in the City of Lafayette on the Evangeline Thruway at its intersection with Surrey St. to the east and East University to the west. At this location, the Thruway is divided by a median and has two northbound lanes, two southbound lanes, and opposing left turn lanes.
At the time of the accident, four police officers on motorcycles were approaching the Thruway from University. Their emergency lights and sirens were activated. They were escorting a tour bus of police officials to a nearby tourist attraction. Another police officer in a marked automobile, also with lights and sirens activated, was assisting in the escort. There was a traffic signal at the intersection, and University had the red light. The police procession, however, was proceeding through the light.
The accident occurred in the rain and in heavy traffic in the inside northbound lane of the Thruway. As the defendant Lopez was approaching the intersection, he had a green light. However, when he saw the police vehicles, he stopped just before the intersection. Coral Evans was the driver of the vehicle in which the plaintiff's son was a guest passenger and was following behind Lopez. He did not see the police vehicles. He testified that he did not anticipate Lopez's stop at the green light and was unable to avoid the rear-end collision.
Lopez and his insurer moved for summary judgment on the issue of liability. In support of their motion, they offered into evidence excerpts from the deposition testimony of the two drivers, Lopez and Evans, and two eyewitnesses, Officer Viccellio and Marc Brignac. Both eyewitnesses were on East University and had not yet entered the intersection. Plaintiff responded to the motion by offering the entirety of Evans' deposition testimony. The trial judge considered the evidence and granted summary judgment in favor of Lopez and his insurer.[1]
*391 Appellate courts review summary judgments de novo using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342, 345 (La.1991). La.C.C.P. Art. 966 provides for the granting of summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. The mover has the burden of establishing that no material factual issue exists; therefore, inferences to be drawn from the underlying facts contained in the materials before the court must be viewed in the light most favorable to the party opposing the motion. Schroeder, supra, at p. 345.
In Smith v. Our Lady of the Lake Hospital, Inc., 639 So.2d 730 (La.1994), the Supreme Court stated:
A "genuine issue" is a "triable issue." Toups v. Hawkins, 518 So.2d 1077, 1079 (La.App. 5th Cir.1987) (citing Brown [v. B & G Crane Service, 172 So.2d 708 (La.App. 4th Cir.1965)] supra). More precisely, "[a]n issue is genuine if reasonable persons could disagree. If on the state of the evidence, reasonable persons could reach only one conclusion, there is no need for a trial on that issue. Summary judgment is the means for disposing of such meretricious disputes." W. Schwarzer, Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact, 99 F.R.D. 465, 481 (1983). In determining whether an issue is "genuine," courts cannot consider the merits, make credibility determinations, evaluate testimony or weigh evidence. Simon v. Fasig-Tipton Co. of New York, 524 So.2d 788, 791 (La. App. 3d Cir.), writs denied, 525 So.2d 1048, 1049 (La.1988); Pace v. Zilka, 484 So.2d 771 (La.App. 1st Cir.), writ denied, 488 So.2d 691 (La.1986); Mecom v. Mobil Oil Corp., 299 So.2d 380, 386 (La.App. 3d Cir.), writ denied, 302 So.2d 308 (La.1974). "Formal allegations without substance should be closely scrutinized to determine if they truly do reveal genuine issues of fact." Brown, 172 So.2d at 710; Sally Beauty Co. v. Barney, 442 So.2d 820, 822 (La.App. 4th Cir.1983).
A fact is "material" when its existence or nonexistence may be essential to plaintiff's cause of action under the applicable theory of recovery. Penalber v. Blount, 550 So.2d 577, 583 (La.1989). "[F]acts are material if they potentially insure or preclude recovery, affect a litigant's ultimate success, or determine the outcome of the legal dispute." South Louisiana Bank v. Williams, 591 So.2d 375, 377 (La.App. 3d Cir.1991), writs denied, 596 So.2d 211 (La. 1992). Simply put, a "material" fact is one that would matter on the trial on the merits. Any doubt as to a dispute regarding a material issue of fact must be resolved against granting the motion and in favor of a trial on the merits. Sassone v. Elder, 626 So.2d 345, 352 (La.1993); Industrial Sand and Abrasives, Inc. v. Louisville and Nashville Railroad Co., 427 So.2d 1152, 1153-54 (La.1983) (collecting cases); McCoy v. Physicians & Surgeons Hospital, Inc., 452 So.2d 308, 310 (La.App. 2d Cir.), writ denied, 457 So.2d 1194 (La.1984) (noting that "[s]ummary judgment may not be used as a substitute for trial").
639 So.2d at 751.
At issue in the instant case is the alleged negligence of Ronald Lopez. The parties do not dispute the fact that Lopez stopped at a green light in response to seeing the police vehicles. Plaintiff contends that Lopez came to a sudden stop without any warning; however, there is no dispute that Lopez's brake lights were, in fact, working. Lopez admits that he came to a hard stop but contends that he acted in compliance with La.R.S. 32:125 which requires a driver to yield the right of way to an approaching emergency vehicle. The only fact disputed by the parties and the witnesses is the exact location of the police vehicles.
*392 We find that summary judgment was properly granted in this case because there is no dispute as to any material fact, nor is the defendant's alleged negligence a genuine issue for trial. Regardless of whether the police vehicles were in the intersection or were about to enter it, the fact remains that Lopez was required by statute, by the actions of the police officers, and by common safety practices to yield the right of way to the police vehicles. The record before the court reveals that Lopez was not negligent in yielding to the police vehicles. He had no alternative but to stop, and in fact, may have created a hazard had he failed to stop.
Given that no genuine issue of material fact exists as to the liability of Ronald Lopez and his insurer, we find the summary judgment to have been properly granted in this case. For these reasons, the judgment of the trial court is affirmed, at appellant's cost.
AFFIRMED.
NOTES
[*] Judge Lucien C. Bertrand, Jr., Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.
[1] The court minutes reflect that there was no opposition to the motion for summary judgment and plaintiff's counsel did not appear at the hearing. However, plaintiff did file an opposition memorandum with Evans' deposition attached. Plaintiff does not contest defendant's statement in brief that the trial judge stated, at the hearing on plaintiff's motion for new trial, that he did consider plaintiff's opposition to the summary judgment.