liAMY, Judge.
Plaintiff appeals the trial court’s grant of Wilson Oil’s motion for summary judgment. We agree with the trial court that there are no material issues of fact in dispute and that Wilson Oil is entitled to summary judgment as a matter of law. Accordingly, we affirm the trial court’s ruling.
DISCUSSION OF THE RECORD
On April 11, 1991, Alice Jackson was driving Dennis Finnister in her vehicle south along Louisiana Highway 923, which runs north-south, in Jonesville, Louisiana. It had been raining and the streets were wet. At approximately noon, they drove by the Sandy Lake Food Mart, which is located on the eastern side of Louisiana Highway 923 where Highway 923 ends forming a T-intersection with Louisiana Highway 126, which runs east-west. At the T-intersection, there is a stop sign that stops traffic on Highway 923 in favor of the traffic on Highway 126. According to |2Mr. Finnister, Ms. Jackson stopped at the stop sign and told Mr. Finnister that she was unable to see to her left (or east down Highway 126), because her view was obscured by vehicles parked in the parking lot of the Sandy Lake Food Mart. Ms. Jackson pulled forward and stopped three or four times and then she pulled into the T-intersection to execute a left-handed turn from Highway 923 into the east-bound lane of Highway 126. During the turn, Roger Reeves’ truck, which, was alleged to have been speeding and was traveling west along Highway 126, struck the driver’s side of Ms. Jackson’s vehicle. Ms. Jackson died that afternoon as a result of the injuries she sustained in the crash.
On June 19, 1991, Elvira Washington, as legal tutrix of Ms. Jackson’s two minor children, brought a survival and wrongful death action for their, mother’s death on their behalf. Plaintiff named the following defendants: (1) Roger Reeves; (2) Louisiana Indemnity Insurance Company (Roger Reeve’s insurer); (3) State of Louisiana Department of Transportation and Development; and (4) Wilson Oil Company, Inc., d/b/a the Sandy Lake Food Mart, which owns the store locat *49 ed at the intersection of Louisiana Highway 923 and Louisiana Highway 126.
In plaintiffs petition, she alleged that Wilson Oil was negligent by failing to keep its premises reasonably safe; failing to remove from its premises items contributing to the obstruction of traffic; failing to prevent its customers from parking along a major intersection known to be dangerous; and failing to regard the safety of motorists using the highways by placing advertisements in a position to obstruct the motorists’ view. The record indicates that these allegations refer to (1) a Budweiser beer truck alleged to have been either illegally parked on the ten foot shoulder that borders Highway 126 on its north side in front of the Sandy Lake Food Mart, or legally parked in the parking lot in front of the Sandy Lake Food Mart inside a Igconcrete curb, which separates Highway 126’s shoulder from the Sandy Lake Food Mart parking lot; (2) vehicles that allegedly were legally parked inside the concrete curb parking lot of the Sandy Lake Food Mart; and (3) a Marlboro cigarette sign, which allegedly was either on the ten foot shoulder along Highway 126 or inside the parking lot in front of the Sandy Lake Food Mart inside the concrete curb.
On February 17, 1994, Wilson Oil filed a motion for summary judgment, contending that there were no material facts in dispute and that it was entitled to judgment as a matter of law because it owed no legal duty to Ms. Jackson under any resolution of the facts that plaintiff alleges are in dispute. On September 12, 1994, the trial court granted Wilson Oil’s motion for summary judgment and assigned written reasons:
In this case the court is asked to determine whether or not the defendant may be held legally responsible for the death of a motorist at an intersectional collision where the defendant owns and operates a business at the intersection.... The parking lot was built prior to the time that Wilson Oil acquired the property in 1987. In 1982, the previous owner of the property constructed concrete curbing on the corners of the parking lot to prevent cars from cutting across the parking lot. The curbing was constructed pursuant to state specifications and requirements.... Guidance and direction for building the curb at the edge of the parking lot came from ... a long time employee with the Department of Transportation and Development. The curbed parking lot is adjacent to the shoulder of Highway 126, and ten feet from the edge of the highway (the shoulder being ten foot [sic] wide). With cars parked in the parking lot when one is stopped at the intersection of Highways 923 and 126, the view of the highway [down Highway 126 to the east] is clear for up to 800 feet.
Wilson Oil, by the use of its parking lot as authorized by the State of Louisiana, has not interfered with the use of the highway regardless of whether there were parked ears and signs in the parking lot. Even if the view is obstructed, the motorist must use care when entering the intersection. ... where parking facilities, buildings or other structures restrict the view when entering an intersection_ it is incumbent on motorists to exercise greater care when Lapproaching the intersection. Finally, there is not evidence which would indicate that cars parked on the shoulder of the highway were parked there with the consent ... of Wilson Oil. In such a case, Wilson Oil cannot be held responsible for cars that are parked on the shoulder of the road even if those cars are parked there to use petitioner’s property.
Based on the undisputed facts in the case herein and the applicable law, Wilson Oil cannot be held to be at fault in causing the tragic accident that took Ms. Jackson’s life. As such the motion for summary judgment is granted dismissing Wilson Oil at petitioner’s costs.
Plaintiff timely perfected this appeal, contending that the trial court erred in granting Wilson Oil’s motion for summary judgment. Plaintiff argues that the summary judgment was improper because the trial court failed to consider two facts that she contends are in dispute and are material: (1) Whether a Marlboro advertising sign on Wilson Oil’s property could have obstructed or impeded Ms. Jackson’s vision; and (2) Whether Wilson Oil permitted a Budweiser beer truck to *50 illegally park on the shoulder on Wilson Oil’s property along Highway 126, preventing drivers from having a clear line of sight down Highway 126 when turning left from Highway 923. In response, Wilson Oh argues that the trial court properly granted its motion for summary judgment because under any possible resolution of the facts that plaintiff contends are in dispute, it did not owe a duty to Ms. Jackson and, as a consequence, it is entitled to judgment as a matter of law.
ANALYSIS
A party is entitled to a summary judgment when he bears the burden of proving that “the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” La.Code Civ.P. art. 966(B); American Bank v. Saxena, 553 So.2d 836 (La.1989); Jewell v. Thompson, 386 So.2d 689 (La.App. 3 Cir.), writ denied, 393 So.2d 746 (La.1980).
Plaintiff argues that whether a Marlboro advertising sign on Wilson Oil’s property could have obstructed or impeded Ms. Jackson’s vision and whether Wilson Oh permitted a Budweiser beer truck to be illegally parked on the shoulder on Whson Oh’s property along Highway 126, preventing drivers from having a clear line of sight down Highway 126 when turning left from Highway 923, are disputed material issues of fact, precluding summary judgment.
The record indicates that the placement of the Marlboro advertising sign and the location of the Budweiser truck are in dispute, as well as whether either or both of them prevented Ms. Jackson from seeing down Highway 126 to the east: Mr. Finnister, who was the passenger in Ms. Jackson’s car when the accident occurred, testified at his deposition that there were no vehicles on shoulder. He testified that the decedent indicated that she could not see down Highway 126 to the east or to her left because cars parked in the Sandy Lake Food Mart parking lot obscured her vision. Also, he testified that while decedent had said that she couldn’t see because of the cars in the Sandy lake Food Mart parking lot, she did not indicate that the Marlboro sign, which Mr. Finnister places inside the curbing in the Sandy Lake Food Mart parking lot, obscured her view. Nevertheless, Mr. Finnister testified that when he attempted to look east down Highway 126 vehicles parked in the Sandy Lake Food Mart parking lot and a Marlboro sign inside the curbing in the Sandy Lake Food Mart parking lot obscured his view. Mr. Joey Langley, who was heading east down Highway 126 at the time of the accident and was almost involved in it, testified that immediately before the collision he observed a beer truck parked on the shoulder along Highway 126 and a Marlboro sign on the same shoulder. Furthermore, he stated that he believed that the Marlboro sign was moved from the shoulder to the | sparking lot inside the curbing after the accident. Mona Sharp Briggs, who was an employee of Wilson Oh and was working the front cash register when the collision occurred testified at her deposition that the Marlboro sign and the Budweiser beer truck could not have been on the shoulder at the time of accident because she witnessed the collision and she would have been not able to have seen it from her vantage point had they been. There is no Marlboro sign apparent in a photograph of the scene taken shortly after the accident by State Trooper Cameron. This same photograph shows a Budweiser truck inside the curbing in the parking lot.
Wilson Oil maintains that there are no material issues of fact in dispute because it does not owe a duty to Ms. Jackson and cannot be liable to her regardless of the resolution of the facts that plaintiff contends are in dispute.
Since we review the grant of summary judgments on a de novo basis, we will uphold a trial court’s grant of summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B); Evans v. Automotive Cas. Ins. Co., 94-129 (La.App. 3 Cir. 10/5/94); 643 So.2d 389.
*51 A trial court’s grant of a motion for summary judgment will not be overturned simply because the record demonstrates that there are some facts in dispute. Bradford v. Louisiana Downs, 606 So.2d 1370 (La.App.2 Cir.1992). Disputed facts that preclude summary judgment are material facts. “A fact is ‘material’ when its existence or nonexistence may be essential to plaintiffs cause of action under the applicable theory of recovery. ‘[F]aets are material if they potentially insure or preclude recovery, affect a litigant’s ultimate success, or determine the outcome of the legal dispute.’ Simply put, a ‘material’ fact is one that would matter on the trial on the | Tmerits.” Evans, 643 So.2d at 391, quoting Smith v. Our Lady of the Lake Hospital, Inc., 639 So.2d 730 (La.1994) (citations omitted). If there are material facts in dispute, a summary judgment may not be granted on the basis that the weight of the evidence preponderates in favor of the mover or because it seems unlikely that the opponent in the summary judgment motion will prevail at trial. The appropriate inquiry is whether any material issues of fact bearing on the outcome of the litigation are in dispute which can be submitted to the trier of fact for resolution. Evans, 643 So.2d at 391; Roberts v. Louisiana Coca-Cola Bottling, 566 So.2d 163 (La.App. 4 Cir.1990); People’s Homestead Federal Bank v. Laing, 569 So.2d 271 (La.App. 2 Cir.1990).
Thus, a disputed fact is not material, when considered along with all other undisputed facts in the case, its resolution cannot have any effect on a litigant’s success or if the outcome of the litigation is precisely the same. In reviewing a trial court’s grant of a summary judgment when the record indicates that facts are in dispute, the critical inquiry is whether the mover showed that he was entitled to judgment as matter of law, notwithstanding the presence of the disputed facts. Evans, 643 So.2d at 391.
The propriety of a grant of a motion for summary judgment is evaluated with reference to the applicable law in the case; therefore, to uphold a trial court’s grant of summary judgment, we must conclude that reasonable minds must inevitably conclude that mover is entitled to judgment as a matter of law based on the facts before the trial court. Security Homestead Federal Savings Corp. v. Ullo, 589 So.2d 5 (La.App. 5 Cir. 1991); Boue v. Loomis Armored, Inc., 575 So.2d 527 (La.App. 5 Cir.1991); Jones v. New Orleans Aviation Bd., 572 So.2d 1191 (La. App. 4 Cir.1990). Thus, a grant of summary judgment is warranted if the unresolved facts do not | spresent any triable legal issues. Evans, 643 So.2d at 391; Berry v. Brown & Root, Inc., 595 So.2d 767 (La.App. 4 Cir.1992). Although the question of whether a defendant’s conduct constituted negligence is usually inappropriate for disposition by summary judgment, a defendant is entitled to dismissal under this procedure if the record is devoid of any suggested basis to impose liability on the defendant after plaintiff was granted an adequate opportunity to develop its case by discovery. Evans, 643 So.2d at 391; Reese v. Tayco Food Store, Inc., 602 So.2d 260 (La.App. 2 Cir.1992). Similarly, summary judgment is appropriate when there are no material facts at issue and no legal duty exists. Ureta v. DOTD, 594 So.2d 1111 (La.App. 4 Cir.1992).
To determine whether the alleged visual obstruction created by the Marlboro sign and the alleged illegal parking of the Budweiser truck present material factual issues in this case, we must determine if defendant is entitled to summary judgment as a matter of a law, notwithstanding the unresolved status of these disputed factual issues.
MARLBORO SIGN
With respect to the Marlboro sign that allegedly blocked Ms. Jackson’s view, plaintiff alleged in her petition that Wilson Oil was negligent in failing to regard the safety of motorists using the highways by placing advertisements in a position to obstruct the motorists’ view. At the June 27, 1994, hearing on Wilson Oil’s motion for summary judgment, the trial court indicated that it believed that there had to be some other evidence besides the mere fact that a Marlboro sign existed on Wilson Oil’s property to give rise to a legally enforceable duty owed by Wilson Oil to Ms. Jackson under a negligence theory. The trial court thought that *52 there had to be some proof linking the sign to Wilson Oil. We agree.
The plaintiff does not allege that Wilson Oil owned the sign or that Wilson Oil | ¡¡was in any way responsible for the placement of the sign. In fact, the only evidence in the record on this issue affirmatively indicates that the Marlboro sales representative, who periodically visited the Sandy Lake Food Mart, owned the sign and was responsible for its placement.
The existence of a legal duty owed by a defendant is a question of law. Harris v. Pizza Hut of La., Inc., 455 So.2d 1364 (La.1984). Since there were no allegations or facts in the record to give rise to a duty owed by Wilson Oil to Ms. Jackson with respect to the sign, notwithstanding the unresolved question of whether the sign obscured Ms. Jackson’s view, and plaintiff had an ample opportunity to conduct discovery, we conclude that Wilson Oil met its burden of proving that there were no genuine issue as to material fact, and that it was entitled to judgment as a matter of law because the record demonstrates no factual basis for defendant to be found negligent under the facts presented to the trial court in this case.
On appeal, plaintiff relies on La.R.S. 48:461.4(c)(4), which provides that “[n]o sign may be located in such a manner as to prevent the driver of a vehicle from having a clear, unobstructed view of official signs and approaching merging or intersecting traffic and driveways,” as a legal basis for Wilson Oil to be liable to plaintiff. In Allen v. Humble Oil & Refining Company, 359 So.2d 218 (La.App. 1 Cir.), writ denied, 360 So.2d 199 (La.1978), Allen was involved in an inter-sectional collision. The plaintiffs alleged that he was unable to see the on-coming traffic because of several promotional signs placed in front of the Exxon filling station located at the intersection. The trial court concluded that Exxon had violated La.R.S. 48:461.4(c)(4). The first circuit reversed, because it did not find La.R.S. 48:461.4(c)(4) to be applicable: “The act relied on is part of Act 474 of 1966 which was enacted to control outdoor advertising adjacent to the national interstate system Imand designated primary state highways. Plaintiffs have made no showing whatsoever that the intersection in question falls within the purview of the cited statute.” Allen, 359 So.2d at 221. In the case before us, plaintiff has not alleged any facts which would bring the intersection at issue within the purview of La.R.S. 48:461.4(c)(4) and give rise to a duty owed by Wilson Oil to Ms. Jackson under this statute. Nor does the record contain any facts which even remotely suggest that La.R.S. 48:461.4(c)(4) creates a duty owed by Wilson Oil in this case. Because the record fails to indicate a basis for La.R.S. 48:461.4(e)(4) to be applicable under the facts of this case, our determination that Wilson Oil met its burden of proving that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law with respect to the Marlboro sign remains unchanged.
Once Wilson Oil met its burden of proving that it was entitled to summary judgment because it owed no duty to Ms. Jackson with respect to the Marlboro sign, the burden shifted to plaintiff to prove that there was a triable issue of fact with respect to this sign. Saxena, 553 So.2d 836. “When a motion for summary judgment is made and supported ..., an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or otherwise, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.” La. Code Civ.P. art. 967(B). As discussed above, the plaintiffs petition does not set forth the allegations necessary to establish that Wilson Oil owed a duty to Ms. Jackson with respect to the Marlboro sign. Furthermore, the plaintiff has failed to set forth specific facts showing that there are any genuine factual issues in dispute that can be submitted for trial with respect to the Marlboro sign. Thus, with respect to the sign, the plaintiff has failed to show that Wilson Oil is not entitled to summary judgment.
InBUDWEISER BEER TRUCK
With respect to the Budweiser beer truck, plaintiff alleged in her petition that Wilson Oil was negligent in failing to prevent its customers from parking along a major *53 intersection known to be dangerous. At the June 27,1994, hearing on Wilson Oil’s motion for summary judgment, the trial court indicated that it did not consider the mere fact that Wilson Oil may not have not prevented the Budweiser truck from illegally parking in the shoulder to be a sufficient factual basis to give rise to a legally enforceable duty owed by Wilson Oil to Ms. Jackson. The trial court thought that an affirmative action on Wilson Oil's part was necessary to give rise to a duty with respect to the beer truck under the facts of this case, such as an instruction from Wilson Oil to “park out here; put your truck right there; I don’t want you in my parking lot cause your truck’s heavy; park out here on the shoulder
[[Image here]]
As to this issue, plaintiff does not allege that Wilson Oil affirmatively directed or encouraged vehicles to park on the shoulder. Furthermore, there is no evidence in the record to indicate that Wilson Oil undertook such action. In fact, Mona Sharp Briggs, who was an employee of Wilson Oil and was working the front cash register when the collision occurred, testified in her deposition that she and other Wilson Oil employees sometimes asked the drivers of vehicles illegally stopped or parked on shoulder to move them, but that there was really not a whole lot that she or the other employees could do to prevent the vehicles from illegally parking. In the trial court’s written reasons granting Wilson Oil’s motion for summary judgment, the trial court stated “there is not evidence which would indicate that cars parked on the shoulder of the highway were parked there with the consent ... of Wilson Oil. In such a case, Wilson Oil cannot be held responsible for cars that are parked on the shoulder of the road even if those cars are parked there to use petitioner’s property.” We agree.
| ^Whether the Budweiser beer truck was or was not illegally parked on Highway 126’s shoulder is not a material issue of fact with respect to Wilson Oil’s liability, because there is no evidence that Wilson Oil owned the truck or encouraged it to illegally park on the shoulder. There are no allegations or facts in the record to give rise to a duty owed by Wilson Oil to Ms. Jackson with respect to the Budweiser beer truck. Therefore, we conclude that Wilson Oil has shown that the location of the Budweiser beer truck was not a material fact the negligence claim plaintiff has brought against it, and that it was entitled to judgment as a matter of law that it owed no duty with respect to the Budweiser beer truck. We deem it important that the Department of Transportation and Development, rather than private citizens, is charged with the duty of regulating the highways of this state. La.R.S. 32:2. Similarly, law enforcement officials, rather than private citizens, have a duty to enforce traffic laws. La.R.S. 32:5. In the absence of an affirmative act by Wilson Oil encouraging vehicles to illegally park on the shoulder along Highway 126, the remaining facts in this case do not provide any basis for Wilson Oil to be Hable to plaintiff.
DISPOSITION
We find that there are no material issues of fact in dispute in the neghgence claim that plaintiff has asserted against Wilson Oil and that Wilson Oil is entitled to summary judgment that it is not Hable to plaintiff for Ms. Jackson’s death as a matter of law. Accordingly, the trial court’s judgment granting Wilson Oil's motion for summary judgment is affirmed. All costs of this appeal are assessed to plaintiff.
AFFIRMED.