| iPETERS, Judge.
This suit involves the determination of the ownership of a portion of the funds placed into the registry of the court following the expropriation of certain immovable property by the Lake Charles Harbor and Terminal District. Upon completion of the expropriation proceeding, the parties claiming ownership of the disputed funds filed motions for summary judgment. Thomas Barr Ill’s mo *1353 tion for summary judgment was denied, and he has appealed that denial and the recognition of the other parties’ claims to the proceeds.
DISCUSSION OF THE RECORD
Procedural History
In November of 1991, the Lake Charles Harbor and Terminal District (District) |2filed a petition to expropriate approximately seventeen and one-half acres of land in Cal-casieu Parish, Louisiana. The action was initially brought against twelve defendants whom the District alleged to be co-owners of the land.[1] Approximately one year later, the District reached a settlement with all of the defendants whereby the District agreed to pay $581,000.00 as compensation for the taking. The payment was deposited into the registry of the court pursuant to a stipulated judgment rendered November 20,1992. The judgment dismissed the District as a party to the proceedings and reserved unto the various defendants the right to litigate their ownership claims to the monies on deposit.
By pleadings filed thereafter, the Lewis claimants asserted an ownership interest of 0.04126983[2] of the deposit and the Liskow claimants asserted an ownership interest of 0.04762404 of the deposit. Barr contends that the Liskow and Lewis claimants’ deed of acquisition is an absolute nullity and that he owns the entire amount claimed by them. The final judgment rendered by the court recognized the ownership interests of the various litigants in the disputed funds to be as follows:
4.5/315 — 0.01428571 Natalie S. Lewis
2.25/315 — 0.00714285 Sallye Lewis Hammett
2.25/315 — 0.00714285 Jerry S. Lewis
4/315 — 0.01269842 Dorothy Guidry
2/315 — 0.00634921 Floye M. Lee
12/315 — 0.03809523 Pearl R. Hinton
1/315 — 0.00317460 l3Leslie Baker Richardson
Total 28/315 — 0.08889387
Thus, the trial court denied Barr’s claim as to any part of the contested proceeds.
Thomas Barr III then filed for a supervisory writ with this court, which was given docket number 95-1514. Barr also filed an appeal with this court, which was given docket number 96-0028. The writ application was consolidated with the appeal under docket number 96-28.
History of the Title to the Property at Issue
Both the Liskow and Lewis claimants derive their claims to the proceeds from a conveyance dated October 31, 1939, wherein Mrs. Jean Barr Erwin Strieker[3] conveyed an undivided one-seventh interest in the disputed property, as well as other immovable property to her attorneys, Cullen R. Liskow and Austin W. Lewis.[4] The conveyance recites as its consideration:
[I]n consideration of the services rendered by the said CULLEN R. LISKOW and AUSTIN W. LEWIS, composing the law firm of Liskow & Lewis, in the two suits hereinabove referred to and in carrying out her obligations under contract of employment between her and the said firm of Liskow & Lewis dated May 6, 1939....
The suits referred to in the conveyance involved litigation to terminate the marriage of Mrs. Strieker and her husband, Milam Strieker; to set aside a premarital donation by Mrs. Strieker to Mr. Strieker; and to set *1354 aside certain property transfers which had occurred since the marriage.
The premarital donation was executed by Mrs. Strieker on March 29, 1938, |4immediately before her marriage to Milam Strieker on that same day. In that instrument, she transferred to her future husband an undivided one-half interest in her significant land and mineral interest holdings in Cameron and Calcasieu Parishes “in consideration of the natural love and affection [she bore for her future husband] and in further consideration of their marriage.”
The marriage lasted only a short period of time. On May 1,1939, Milam Strieker filed a suit for legal separation in Calcasieu Parish. Shortly thereafter, Mrs. Strieker retained the law firm of Liskow and Lewis and filed an answer, reconventional demand, and various third-party demands associated with Mr. Strieker’s use of the donated property. Mrs. Strieker filed a second suit against Mr. Strieker on June 14,1939. These suits were consolidated, and after extensive litigation, judgment was rendered on October 31,1939, in favor of Mrs. Strieker, generally granting her all the relief she had prayed for in her petition. Specifically, in addition to other relief, Mrs. Strieker was granted a divorce from Milam Strieker, the premarital act of donation was canceled, and full ownership of the donated property was returned to Mrs. Strieker. On the same day the judgment was rendered, Mrs. Strieker conveyed to Mr. Liskow and Mr. Lewis the one-seventh interest in her Cameron and Calcasieu Parish property holdings, including the interest in dispute in this litigation.
Thomas Barr III claims to have acquired his rights to the property from a chain of title originating from Jean Barr Erwin Strieker. The Liskow claimants assert that they are the heirs of Cullen R. Liskow, and the Lewis claimants assert that they are the heirs of Austin W. Lewis. Barr contends that the conveyance to Cullen R. Liskow and Austin W. Lewis was an absolute nullity because it constituted payment for a contingent fee contract associated with obtaining a divorce for Jean Barr Erwin |5Stricker and such a contract violates public order and is against public policy.
OPINION
In reviewing the granting or denial of a motion for summary judgment, the appellate court is to conduct a de novo review by applying the same standards as the trial court is required to apply initially. Schroeder v. Board of Supervisors of La. State Univ., 591 So.2d 342 (La.1991). A trial court may properly grant a motion for summary judgment when the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. Evans v. Automotive Casualty Ins. Co., 94-129 (La.App. 3 Cir. 10/5/94), 643 So.2d 389, writ denied, 94-2732 (La. 1/6/95), 648 So.2d 930; La.Code Civ.P. art. 966.
When the trial court is given a choice of reasonable inferences that could be drawn from the facts presented, it must view these inferences in the light most favorable to the party opposing the motion. Natchitoches Parish Hosp. Serv. Dist. v. Rachal, 94-995 (La.App. 3 Cir. 2/1/95), 649 So.2d 1152, writ denied, 95-0528 (La. 4/7/95), 652 So.2d 1349. The first step in the analysis is to examine the mover’s supporting documents to determine if they are sufficient to resolve any material issues of fact. Id. If they are found to be insufficient, then the motion for summary judgment must be denied. Id. If, however, they are found to be sufficient, then the burden shifts to the opponent of the motion to present evidence that there are material facts still at issue. Id.; La.Code Civ.P. art. 967.
Barr and the Liskow and Lewis claimants each filed motions for summary judgment. In his motion for summary judgment, Barr relied on the language of the October 31, 1939 conveyance wherein it suggested that the transfer was for legal services rendered “under contract of employment.” He suggests that this language, |6together with the fact that part of the litigation involved an action for separation from bed and board and ultimately a divorce, establishes that the conveyance was a prohibited contingent fee contract. However, we *1355 note that Barr was unable to produce the actual employment contract or anyone able to testify as to its contents. It is Barr’s contention that the trial court erred in not accepting purely circumstantial evidence to prove the contents of an employment contract entered into fifty-seven years ago. We find no error in the trial court’s conclusion that as to this issue there are clearly unresolved issues of material fact and that Barr’s motion for summary judgment should be denied. La.Code Civ.P. art. 966.
In their motion for summary judgment, the Liskow and Lewis claimants asserted that the conveyance from Mrs. Strieker to her attorneys did not constitute payment of a prohibited contingent fee contract but rather was for services rendered in connection with the donation revocation action. Additionally, they asserted that they and their ancestors in title have had uninterrupted and peaceable civil and corporeal possession of the disputed property for over fifty years prior to the current claim and that any claim Barr may have had has been lost by prescription.
In denying Barr’s motion for summary judgment, the trial court rendered written reasons, but the record is silent as to the reasons for the granting of the Liskow and Lewis claimants’ motion for summary judgment. However, we find that the trial court did not err in granting the latter motion as we conclude that any claim Barr may have had has been lost by prescription.
La.Civ.Code art. 3486 provides as follows:
Ownership and other real rights in im-movables may be acquired by the prescription of thirty years without the need of just title or possession in good faith.
Even if the conveyance were in consideration of a prohibited contingent fee contract Rand Liskow and Lewis did not receive just title to the property, they would still have acquired the property by thirty-years adverse possession pursuant to La.Civ.Code art. 3486. All that is required to acquire the ownership of immovable property under this Article is continuous possession for thirty years. Barr has presented nothing to dispute the contents of the affidavit of Natalie S. Lewis, the widow of Austin W. Lewis, which states in pertinent part:
Appearer knows of her own personal knowledge that there were numerous activities carried out upon all of the real properties described in Exhibit 1 prior to the year 1960, some of which activities were carried out by her, by her former husband, by Cullin [sic] R. Liskow, and by their lessees, grantees, assignees and their successors, some of which activities on the subject properties consisted of the following:
Granting timber deeds for the cutting of timber, granting mineral leases and royalty interests, removing timber, authorizing the conduct of seismic operations, maintaining fences, granting rights of way for pipelines, roads, ways and canals, granting pasture, grazing and livestock leases, paying ad valorem taxes, paying Louisiana Revenue stamps on transactions involving the properties, hunting, fishing, trapping, farming, crop production, clearing brush and timber, landscaping and carrying out drainage projects.
Appearer knows of her own personal knowledge that Cullin [sic] W. [sic] Liskow was part owner of the subject properties described on Exhibit 1, that as a prominent land and mineral law attorney Mr. Liskow made it a regular practice to visit and inspect properties owned by him and/or his client when he was handling the transaction involving such properties, and that Mr. Liskow had the reputation of never handling a transaction on any of his properties without first visiting the property-
Additionally, Cullin [sic] R. Liskow was the law partner of Austin W. Lewis until the death of Mr. Liskow in 1971 and all of the actions involving the above property carried out by Mr. Liskow were also for the benefit of her deceased husband.
Appearer further declares that she knows of her own personal knowledge that all ad valorem taxes on the subject properties have been continuously paid to the present on behalf of the record owners and that there has been no person, firm or corporation claiming or exercising adverse *1356 possession upon any of the subject properties prior to actual transfers of record of any of such subject properties.
The affidavit of Natalie S. Lewis clearly shows possession of the property for thirty years. Thus, the appellees satisfied their burden of proof on their motion for summary judgment by showing that there were no material issues of fact still in Isdispute. The burden then shifted to Barr as the opponent of the motion to show that there were still material facts which were in dispute. The supreme court has defined a material fact as one whose “existence or nonexistence may be essential to plaintiffs cause of action under the applicable theory of recovery.” Smith v. Our Lady of the Lake Hosp., Inc., 93-2512, p. 27 (La. 7/5/94); 639 So.2d 730, 751. Therefore, a material fact is one that will matter on the trial of the merits. Id. Barr has presented no evidence to dispute the appellees’ possession of the disputed property for thirty years. Thus, the only evidence contained in the record shows that the appellees and their heirs in title exercised acts of possession on the disputed properties for thirty years, and Barr failed to sustain his burden of proof by showing that there were any material facts still in dispute.
The only remaining obstacle to the appellees having acquired title to the property by acquisitive prescription is the fact that Mrs. Strieker, Mr. Lewis, and Mr. Liskow were co-owners in indivisión of the property. The co-ownership of the property arose because the interest conveyed by Mrs. Strieker to Liskow and Lewis was an undivided one-seventh interest. The attempt by one or more co-owners to adversely possess against another co-owner triggers application of La.Civ.Code art. 3439, which provides in pertinent part as follows:
A co-owner, or his universal successor, commences to possess for himself when he demonstrates this intent by overt and unambiguous acts sufficient to give notice to his co-owner.
This means that in order for Mr. Liskow and Mr. Lewis and their universal successors to have adversely possessed against Mrs. Strieker and her universal successors as to the one-seventh interest in the properties, they would have had to have given notice to Mrs. Strieker of their intent to adversely possess. We find that the conveyance from Mrs. Strieker to Liskow and Lewis served as notice to Mrs. Strieker of Liskow’s |9and Lewis’ intents to adversely possess the one-seventh interest in the property. In support of this conclusion, we quote with approval the following language from Franks Petroleum, Inc. v. Babineaux, 446 So.2d 862, 866 (La. App. 2 Cir.1984):
However, where a co-owner possesses under a recorded instrument apparently conveying title (even though the purported conveyance is invalid), the recorded instrument, together with the acts of possession, constitutes notice to other éo-owners and the possession is then regarded as hostile to the interests of the other co-owners, rebutting the presumption that possession is for the benefit of all co-owners.
(Citation omitted).
We conclude that Liskow and Lewis gave notice to Mrs. Strieker of their intents to adversely possess the disputed property and that they or their ancestors in title have acquired ownership of the disputed interest in the expropriated property by the acquisitive prescription of thirty years. Accordingly, the trial court was correct in granting the appellees’ motion for summary judgment, and the Liskow and Lewis claimants are entitled to the expropriation funds deposited in the court registry in accordance with the percentages recognized by the trial court.
DISPOSITION
For the foregoing reasons, we affirm the result reached by the trial court and assign all costs to Thomas Barr III.
AFFIRMED.

. Included as defendants were Pearl R. Hinton, Leslie B. Richardson, Floye M. Lee, Dorothy Guidry, and Albert C. Coumes (who has since died and is represented by the executor of his estate, Bobby C. Headen) who will be collectively referred to herein as the "Liskow claimants”; Natalie S. Lewis, Jerry S. Lewis, and Sallye Lewis Hammett, who will be collectively referred to herein as the "Lewis claimants”; and Thomas Barr III, who will be referred to herein as “Barr.” The other three original defendants are not a part of this phase of the litigation.

. While the litigation was pending, the Estate of Albert C. Coumes assigned all of its interest in the proceeds to Dorothy Guidry, and the final judgment reflects this assignment.

. Jean Barr Erwin Strieker was previously married to Mason P. Erwin who predeceased her. The divorce decree from Milam Strieker recognized her right to return to the use of the Erwin name. However, in this opinion, she will be referred to as Jean Barr Erwin Strieker or Mrs. Strieker.

. Cullen R. Liskow received an undivided four-fifths of the one-seventh interest, and Austin W. Lewis received an undivided one-fifth of the one-seventh interest.