732 So.2d 827 (1999)
James and Juanita BRADFORD, Individually and on Behalf of Their Deceased Son, Harrison James Bradford and on Behalf of Their Son Preston Bradford
v.
Craig KASTER, Pam Kaster, USAA Property and Casualty Insurance Company, et al.
Nos. 98 CW 0758, 98 CW 1051.
Court of Appeal of Louisiana, First Circuit.
May 14, 1999.
*828 William C. Forstall, Terrence C. Forstall, New Orleans, Counsel for Plaintiffs James and Juanita Bradford.
*829 William George, Baton Rouge, Counsel for DefendantEsther Webb.
Vincent P. Fornias, Baton Rouge, Catherine S. Nobile, Brent E. Kinchen, Baton Rouge, Counsel for DefendantsCraig and Pamela Kaster.
Before: FITZSIMMONS, GUIDRY and PETTIGREW, JJ.
FITZSIMMONS, J.
Plaintiffs, James and Juanita Bradford, individually and on behalf of their son, Preston Bradford, and their minor deceased son, Harrison James Bradford, sued for damages arising from Harrison's death. Among the named defendants were: the owner of some pastureland, Esther S. Webb, and the lessees of the pastureland and owner of the horses on the land, Craig and Pam Kaster (defendants). Defendants filed motions for summary judgments. The trial court denied the motions. Defendants applied for writs to this court. The Kasters' writ, 98 CW 1051, was denied. The Webb writ, 98 CW 0758, was granted. We found no basis for any liability, and held that Mrs. Webb was entitled to summary judgment. Writs were taken to the Louisiana Supreme Court by the Bradfords, from the grant of summary judgment on the Webb writ, and by the Kasters, from the denial of their writ. The supreme court granted both writs, and remanded the consolidated writs to this court for briefing, argument, and full opinion. After a thorough review of the record, we grant both motions for summary judgment filed by defendants, and dismiss the suit.
The Bradfords moved into their house in December of 1994. Horses were kept on the Kasters' pastureland, adjacent to the Bradford's lot. The Kasters had a three-strand barbed wire fence around the pasture. The accident occurred at night, on November 13, 1995. The Bradfords were in their garage. The Bradford children were playing outside. Harrison, age 3, crawled under or over the fence, and into the Kasters' pasture to retrieve a ball. The older Bradford child, Preston, age 5, reported to his parents that the horse stepped on Harrison's head. Tragically, the child died of his injuries.

ISSUE
In their suit, plaintiffs alleged the following as a basis for liability: the horse posed an unreasonable risk of harm, the fencing was inadequate, the horse was allowed to roam within the pasture, and the horse was an attractive nuisance. The asserted inadequacy of the fence was its inability to keep a child out of the pasture, away from the horses. The essence of the claim is that the defendants, particularly the Kasters, did not "child proof" their pasture so that a child could not crawl over or under the fence.

APPLICABLE LEGAL PRINCIPLES
Under the theory of negligence or strict liability, the plaintiff has the burden of proving that: (1) the property or thing which caused the damage was in the "custody" of the defendant; (2) the property or thing had a defect or vice which created an unreasonable risk of harm; and (3) that the defect in the property or unreasonable risk of harm on the premises was a cause in fact of the resulting injury. For a claim of negligence, the plaintiff must also show knowledge of the defect or vice. Delaune v. Medical Center of Baton Rouge, Inc., 95-1190, p. 3 (La.App. 1st Cir.10/25/96), 683 So.2d 859, 862-63, writs denied, 97-0218, 97-0243 (La.3/21/97), 691 So.2d 84; Collins v. Christophe, 479 So.2d 537, 541-42 (La.App. 1st Cir.1985), writ denied, 483 So.2d 1021 (La.1986). For strict liability for animals, Civil Code article 2321, before its 1996 amendment, is applicable here. However, the custodian or owner of the animal should not be responsible for protecting against all risks.
Thus, if the unreasonable risk of harm principle were to be abolished in the cases involving liability for animals, these policies would tend to be defeated *830 or at least not promoted and owners would be made insurers against loss from any risk, no matter how insignificant or socially tolerable the risk might be.... Moreover, it would appear that doing so might undermine the principle's application to strict liability under other delictual articles of the Code. Consequently, we conclude that the unreasonable risk of harm principle should be maintained in animal cases in the interest of the continued manageable and harmonious application of strict liability under the Civil Code.
Boyer v. Seal, 553 So.2d 827, 834 (La. 1989). Thus, we are not responsible for "any risk posed..., only those caused by an unreasonable risk of harm to others." Entrevia v. Hood, 427 So.2d 1146, 1149 (La.1983).
Summary judgments are now favored. La. C.C.P. art. 966A(2). Once the motion for summary judgment has been made and supported, the opposition cannot rest on allegations, but must state specific facts. La. C.C.P. art. 967. If the movant for summary judgment would not bear the burden of proof at trial, "the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim ..., but rather to point out ... that there is an absence of factual support for one or more elements essential to the adverse party's claim ...." La. C.C.P. art. 966C(2). Failure "to produce factual support sufficient to establish that [the adverse party] will be able to satisfy his evidentiary burden of proof at trial," results in a finding of no genuine issue of material fact.
Although questions of the existence of unreasonably dangerous risks of harm are factual questions, defendants are entitled to summary judgment of dismissal if the record is devoid of a suggested basis to impose liability on the defendant, after plaintiffs have had a reasonable opportunity for discovery. Burris v. Vinet, 95-0668, p. 5 (La.App. 1st Cir.11/9/95), 664 So.2d 1225, 1228; Washington v. State, Department of Transportation and Development, 95-14, p. 8 (La.App. 3d Cir.7/5/95), 663 So.2d 47, 51, writ denied, 95-2012 (La.11/13/95), 664 So.2d 405. In like manner, "summary judgment is appropriate when there are no material facts at issue and no legal duty exists." Washington, 95-14, at p. 8, 663 So.2d at 51. A duty is an obligation to conform to a particular standard of care or conduct associated with reasonable men under like circumstances. Spears v. Bradford, 94-0892, 94-0893, p. 7 (La.App. 1st Cir.3/3/95), 652 So.2d 628, 632; Penton v. Clarkson, 93-0657, p. 6 (La.App. 1st Cir.3/11/94), 633 So.2d 918, 922. The existence of a legal duty is a legal question. Harris v. Pizza Hut of Louisiana, Inc., 455 So.2d 1364, 1371 (La.1984); Washington, 95-14, at p. 9, 663 So.2d at 52. It is a waste of judicial resources, and the parties' resources, to continue a suit, where plaintiffs are unable to offer evidence on summary judgment that could establish a factual basis for the defendants to be found legally liable. See La. C.C.P. art. 966A(2).

ANALYSIS
This case presents no genuine issue of material facts about the accident. It was night. Harrison climbed over the fence to retrieve a ball. He was found approximately five or six feet into the pasture. The horse stepped on the child. When the child was found, the horse was standing still next to the child. Preston had no other facts to give, and no other facts can be known. Therefore, the only questions of fact are whether the three-strand fence or the horse presented an unreasonable risk of harm per se.
The Kasters met their burden to show a lack of evidence for one or more essential elements of plaintiffs' claims. The Kasters took reasonable steps that reasonable people would take, under like circumstances. For fourteen years, they leased the land for pasture, and had no problems, until the accident in question. The land had been pasture before the Kasters leased it. The *831 property was fenced. The three-strand barbed wire fence kept the Kasters' two horses in the pasture. The horse did not escape; the young child climbed over or under the fence. The horse had no history of unusual, or dangerous behavior. The Kasters had no knowledge of any dangerous propensities of the horse. The plaintiffs produced no other incidents. The exact nature of the accident is not known; it cannot be known whether the horse exhibited violent behavior, in this incident. The Bradfords knew they were moving, with young children, next door to pastureland and horses. The Bradfords knew Harrison climbed the fence on a prior occasion. The child was reprimanded by his parents. The Bradfords did not ask the Kasters to provide different fencing, nor did the Bradfords erect more restrictive fencing. The record contains no evidence that the defendants knew the children were trespassing.
Under these undisputed material facts, we can find no basis for finding an unreasonable risk of harm. It was not an unreasonably dangerous risk for the Kasters to own a horse, and let it roam over historical pastureland, within fencing that barred the horse's egress from the pasture. Life is full of risk, but not every risk is unreasonable and actionable. See Entrevia, 427 So.2d at 1149. We will not impose a duty on all owners or lessees of historical pastureland to "child proof" their land under the facts here. For the same reasons, neither do these facts fit into the category of attractive nuisance. Established pastureland, with horses, is not the same as a pool, with easily penetrable fencing in a fully developed residential area. The horse was a domesticated animal within established pasture. The child was not lured into the pasture by the horse, but by the ball. It would not be just, equitable, or reasonable, to require farms to erect six foot barrier or privacy fences around acres of farm or pastureland that preceded the growth of residential subdivisions in the area. On this, reasonable minds could not conclude otherwise. See generally Zukatis v. Perry, 94-593 (7/12/96), 165 Vt. 298, 682 A.2d 964; North Hardin Developers, Inc. v. Corkran, 839 S.W.2d 258 (Ky.1992) (These cases do not mimic Louisiana law, but the logical analysis is useful). For these reasons, we find that defendants met their burden to show a lack of evidence for one or more essential elements of plaintiffs' claim. Plaintiffs failed in their burden, and did not provide "factual support sufficient to establish that [they] will be able to satisfy [their] evidentiary burden of proof at trial," based on negligence, strict liability, or attractive nuisance. La. C.C.P. art. 966C(2).
Regardless of whether Louisiana Revised Statute 9:3221 affords the landowner protection from injured parties on the property without permission from the lessees, we can find no basis for imposition of liability on Mrs. Webb. The Kasters leased the property from Mrs. Webb, and the Kasters assumed responsibility for it. Mrs. Webb had no knowledge or notice that the land or fence might be defective or deficient. The knowledge that horses were kept on established pastureland behind a three-strand fence in an area children may move into, is not per se knowledge of an unreasonable risk. Again, plaintiffs did not establish any basis for finding that the fence or the horse was deficient or presented an unreasonable risk of harm. We find the plaintiffs failed to produce sufficient evidentiary support that they will be able to meet their evidentiary burden at trial.

CONCLUSION
Thus, on the record before us, the movants were entitled to summary judgment as a matter of law. Therefore, the trial court's judgment denying Mrs. Webb's and the Kasters' motions for summary judgment is reversed, summary judgment is granted on both motions, and plaintiffs' case is dismissed. Costs of this case are assessed against plaintiffs.
REVERSED AND RENDERED.
*832 PETTIGREW, J. concurs and assigns reasons.
GUIDRY, J., concurs in the result.
PETTIGREW, Judge, concurring.
I agree with the majority that summary judgment should be rendered in favor of Mrs. Webb in this case. For the following reasons, I very reluctantly concur in the ultimate conclusion that summary judgment in favor of the Kasters is appropriate under the particular facts of this case.
Pursuant to La. C.C.P. 966A(2), as amended, summary judgments are favored under Louisiana law. However, the cases following the amendments to Article 966 have reiterated the rule that summary judgment is appropriate only when reasonable minds must inevitably conclude that a mover is entitled to judgment as a matter of law. Trahan v. Riley's Hamburger, Inc., 96-1837, p. 5 (La.App. 1 Cir. 6/20/97), 696 So.2d 637, 640.
In the case at hand, there are no material issues of fact in dispute. However, in addition to the material facts cited by the majority, it is undisputed that the Kasters were aware that for many years prior to this incident, a residential subdivision existed adjacent to the pasture where their horse was held. There is also no dispute that the Kasters were aware that young children lived and played in this residential subdivision. Furthermore, there is no question that there was a duty imposed upon the Kasters under former La. C.C. art. 2321, dealing with strict liability, for damages caused by animals and under La. C.C. art. 2315, dealing with negligence. The real question before the court is whether, considering the totality of the fact circumstances, the horse owned by the Kasters created an unreasonable risk of harm and whether the Kasters breached any duty towards the plaintiffs and their child.
The issue of what fact circumstances create an unreasonable risk of harm should normally be determined by the trier of fact, whether a judge or jury. As noted by the court in Marchand v. York, 624 So.2d 440, 442 (La.App. 5 Cir.), writ denied, 629 So.2d 1180 (La.1993), "[w]hat is and what is not an unreasonable risk of harm is a factual issue for a judge or a jury to resolve."
In the case at hand, however, Article 966 requires that the plaintiffs produce some factual evidence sufficient to establish that they will be able to satisfy the evidentiary burden of proof at the trial. There is no evidence to suggest that the Kasters were ever aware that any of the neighboring children crossed into their pasture. The plaintiffs did not put forth any evidence that the Kasters were aware that the plaintiffs' own child had crossed into the pasture. Furthermore, the plaintiffs have not produced any evidence that the Kasters breached a duty towards the plaintiffs and their child, or that the Kasters' horse created an unreasonable risk of harm under the particular fact circumstances of this case.
This case does not stand for the proposition that an owner of a horse is, as a matter of law, free from liability as long as there is a three-strand barbed wire fence around the horse. Each case must be decided upon its individual fact circumstances. It must also be stated that there may very well be circumstances where the owners of pasturelands adjacent to residential subdivisions may, as a result of the development of said subdivisions, be required to take precautionary measures to insure that their horses and livestock do not pose an unreasonable risk of harm to their neighbors.
Courts should be very careful not to utilize the summary judgment procedure as a means to circumvent the function and purpose of a trial on the merits. While I believe that the determination of what constitutes an unreasonable risk of harm should not normally be taken away from the trier of facts, under the facts of this case, I feel compelled to do just that, and find that reasonable minds could not conclude *833 otherwise. Therefore, I reluctantly concur in the granting of summary judgment in favor of the Kasters.